### JOHN OXFORD v. THE STATE.
#### No. 214.  Decided June 17.

1. **Charge of the Court—Harmless Error in Stating Case.**—On a trial for theft, where the court by mistake, in the first or preliminary paragraph of the charge, in stating the nature and character of the offense, told the jury that defendant was charged with "burglary," but in subsequent paragraphs correctly announced the law of theft, and applying the same to the facts, instructed the jury, that if they believed such facts to exist, then defendant would be "guilty of theft as charged" and the jury by their verdict found defendant guilty of theft as charged:  *Held*, that the mistake was inadvertence, and harmless error.

2. **Same—Alibi.**—It is settled by repeated decisions in this State, that the defense of alibi is sufficiently embraced in a general charge to the effect that a defendant is presumed by law to be innocent until his guilt is established by competent evidence beyond a reasonable doubt, where no additional instruction is requested more explicitly amplifying the law upon that subject.

APPEAL from the District Court of Hopkins.    Tried below before Hon. E. W. TERHUNE.

On an indictment charging him with theft of money over the value of $20, appellant was tried and convicted, and his punishment assessed at two years in the penitentiary.

In view of the questions upon which the case was disposed of on this appeal, it becomes unnecessary to state the facts adduced in evidence.

*King, Conner & King*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was indicted in the District Court of Hopkins County for theft of property over the value of $20, and was convicted of theft, and his punishment assessed at two years in the penitentiary, from which he appeals.

1. Appellant complains, that the court erred in the first paragraph of his charge, in telling the jury that defendant was charged with the offense of burglary, when, in fact, he was on trial for theft. The record shows, that in the opening paragraph of his charge the court, in stating the nature of the offense, does tell the jury that the defendant stands charged with burglary, but in the second paragraph he states fully the law of theft, and applies the law to the facts of the case, and tells them, if they believe such facts exist, then defendant would be "guilty of theft, as charged." Again, in the fourth paragraph of the charge, the court tells the jury, that the question of burglary was not involved in the present prosecution. There was no exception taken to the charge, but the error was called to the attention of the court in the motion for a new trial. The jury, by their verdict, found the defendant guilty of theft, as charged. We think that it is evident that the mistake in the charge of the court was a mere inadvertence, which was harmless. If noticed at all, the mistake was too obvious to have misled a jury of ordinary intelligence, and certainly can not be made a ground of reversal. Ellis' case, 22 S. W. Rep., 678 (decided at this term).

2. The court did not err in failing to charge on alibi. It was not an issue in the case, and no charge was requested on such a defense, nor was there an exception to the failure to charge thereon. It is settled in this court, that such a defense is sufficiently embraced in the general charge that a defendant is presumed by law to be innocent until his guilt is established by competent evidence, beyond a reasonable doubt, and if such a charge is desired it must be requested. Davis v. The State, 14 Texas Cr. App., 645; Ninnon v. The State, 17 Texas Cr. App., 650; McAfee v. The State, 17 Texas Cr. App., 131; Ayres v. The State, 21 Texas Cr. App., 399; Hunnicutt v. The State, 18 Texas Cr. App., 500; Quintana v. The State, 29 Texas Cr. App., 401.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.