### ARCH SPENCER v. THE STATE.

*No. 539.    Decided January 16.*

1. **Charge of Court when Not Excepted to—Construed, How.**—When a charge of court has not been excepted to on account of a supposed omission, nor special instruction supplying said omission requested, the charge will be looked to as a whole to ascertain if the omission was calculated to injure the rights of the defendant.

2. **Same—Theft—Ownership.**—On a trial for theft of cotton, where the court instructed the jury, that "by fraudulent taking is meant that the person taking knew

at the time of taking that the property was not his own," and further required the jury to believe beyond a reasonable doubt that the property was the property of the alleged owner before they could convict, *Held*, the charge clearly submitted the question of title and ownership, and the omission or failure to instruct to acquit, if there was a reasonable doubt that defendant owned the property, was in nowise calculated to injure the rights of defendant.

3. Same—Alibi.—On a trial for theft, where there was evidence to the effect that defendant was not at the place of the taking at any time of the night the property was taken, it was proper for the court to charge upon the law of alibi.

4. Name—Middle Initial—Variance.—On a trial for theft, where the indictment alleged ownership in T. J. S. S., and the court instructed as to the property of T. J. S., *Held*, the omission of the middle initial or name constituted no variance, and amounted to nothing.

5. New Trial—Supplemental Motion After Sentence.—When a motion for new trial had been overruled and defendant sentenced, *Held*, that a supplemental motion filed some days thereafter, which was upon motion of the State stricken out because not filed within two days after judgment, will not be considered, especially when it shows no matter for which the judgment should be disturbed.

6. Argument by Counsel—Practice—Bill of Exceptions.—Objectionable argument of counsel, to be availed of, must be perpetuated by a bill of exceptions.

7. Conflicting Evidence—Practice on Appeal.—On appeal, the court will not reverse simply because the evidence is conflicting.

APPEAL from the District Court of McLennan. Tried below before Hon. SAM R. SCOTT.

Appellant was indicted for the theft of three bales of cotton, of the value of $113.70, from T. J. S. Sanders. He was convicted at his trial, his punishment being assessed at two years in the penitentiary.

The testimony showed, that the three bales of cotton were stolen from a lot of fourteen bales which Sanders had piled in front of his yard gate in Hill County, near Mt. Calm, on the night of the 8th of November, 1893. The cotton was found and identified by Sanders in East Waco, in the possession of one Wright. Wright testified, he bought the cotton from defendant about 9 o'clock on the morning of November 9, 1893, in Waco, and paid him $113.70 for it. Defendant claimed that his name was E. C. Bates, and the check given by Wright for the price of the cotton was made payable to E. C. Bates. He identified defendant, Spencer, as the man who sold him the cotton.

Defendant claimed that he had raised the cotton upon his mother's place, in Limestone County.

No further statement is necessary to explain the points decided in the opinion.

*Pearre & Boynton*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant was convicted of theft of three bales of cotton, alleged to be the property of T. J. S. Sanders. The issue in the case was as to whether the cotton sold by defendant to

Wright in the city of Waco was or was not the property of the prosecutor.

This is not a case wherein appellant may have believed the cotton sold by him was his property. If it belonged to the alleged owner, the appellant was guilty of the theft. There was no room for a mistake. The State's theory was, that appellant stole the cotton at night from the premises of the alleged owner, carried it to Waco, and sold it. That for the defendant was, that he raised the cotton on his mother's farm; hence it was his property.

Counsel for appellant contend the court should have instructed the jury, that if they believed, or had a reasonable doubt of that fact, that appellant raised or owned the cotton, they should acquit. Such an instruction as this was not requested, nor the omission to give such instruction excepted to at the time. We are therefore to look at the charge as a whole to ascertain if the omission complained of was calculated to injure the rights of appellant. In defining theft, the court instructed the jury among other things as follows, to wit: "By fraudulent taking is meant, that the person taking knew at the time of the taking that the property was not his own." And, in "applying the law of the case," to warrant a conviction, the jury were required by the charges to believe from the testimony, beyond a reasonable doubt, that "the three bales of cotton were the property of T. J. Sanders."

These charges evidently and unquestionably involved the title to the property. No jury could be found with ordinary intelligence who would have failed under such instructions to have considered all the testimony tending to show the property belonged to appellant. By these charges the title to the cotton was clearly put in issue, and in deciding this issue all the testimony must have been considered.

We are of opinion, when the charges are considered, the omission complained of was not calculated to in anywise injure the rights of appellant. The court charged the law of alibi. This is also complained of. This was an issue on the trial, made so by the evidence; hence there was no error in submitting it to the jury. If the testimony of Charles F. Green be true, the defendant was not at the place of the taking at any time of the night when the cotton was taken.

The indictment avers the ownership in T. J. S. Sanders. The court instructed the jury in regard to the property of T. J. Sanders. Counsel complain of this. The middle name amounted to nothing, and there was no merit in this contention.

Motion for new trial was made, overruled, and appellant sentenced. Some days subsequently thereto appellant filed a supplemental motion for new trial, which, on motion of the State, was stricken out and not considered by the court.

We will not disturb the ruling of the court in this matter. If we were to consider said supplemental motion, we could not disturb the judgment because of any matter therein set up.

Remarks of the county attorney, if objectionable, must be perpetuated by bills of exception. This was not done. The objections to the charge contained in said motion have been considered.

The evidence is conflicting. If that adduced for the State is true, the conviction is correct. The jury decided this conflict, as under the law they must do.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.