### TOL TITTLE v. THE STATE.

*No. 645.   Decided June 29, 1895.*

#### 1.   Alibi—Charge of Court.

Where alibi was pleaded as a defense on a trial for theft of cattle, and there was evidence supporting the defense, it was error for the court to refuse to instruct the jury with reference to the alibi testimony.

**2.  Theft—Charge—Principals—Keeping Watch.**

On a trial for theft it is error for the court to instruct upon the law of principals in connection with defendants keeping watch to prevent the interruption of those engaged in the theft, when there is no testimony in the case calling for such charge.

**3.  Same—Principal Offenders not Present at the Commission of the Crime.**

In order to invoke the doctrine of principal offender as to one who is not present at the time and place of the commission of the theft, it must be made to appear that at that time he was doing some act in furtherance of the common design.

APPEAL from the District Court of Dallas.   Tried below before Hon. CHARLES F. CLINT.

Appellant was convicted of theft of cattle, and his punishment assessed at two years' confinement in the penitentiary.

No statement necessary.   This is the second appeal in this case.   See 30 Texas Crim. App., 597.

*Jones & Gilliland,* for appellants.

*Mann Trice,* Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—The appellant in this case was convicted of theft of cattle, and his punishment assessed at two years' confinement in the penitentiary, and from the judgment and sentence of the lower court he prosecutes this appeal.   A number of errors are assigned in this case, but we will only notice such as are necessary to a disposition of it, as the other errors are not likely to occur on another trial thereof.   One of the defenses set up by the appellant in this case was an alibi.   The record shows, on the part of the State, that the theft of the cattle charged against the appellant was committed on the night of the 11th of May, 1891. The defendant, on his part, proved by three or four witnesses that he was, during the time when said theft was committed, on the evening and night of the 11th of May, 1891, at his home, in Ennis, some three miles from the pasture from which the cattle were taken.   The court, in his charge, failed to instruct the jury with reference to this alibi testimony. The appellant prepared and presented to the court charges on this defense, and requested that same be given to the jury.   This the court refused to do, and the appellant excepted.   The charge in question should have been given.   See Anderson v. State (decided at the present term of this court), 34 Tex. Crim. Rep., 546, and authorities there cited. In the court's charge on principals, he instructed the jury that if the defendant was, at the time such alleged theft was committed, keeping watch so as to prevent the interruption of those engaged in the theft, they would convict him as a principal.   There is no testimony in the record showing that the defendant was at the time engaged in keeping watch, and so the charge was not called for in. this case.   Also, the charge on principals is perhaps subject to· criticism in another respect. The court instructed the jury that if they believed that "the defendant, and those who did take said cattle, if they did take them, had agreed and combined to steal the same, and that, in perpetrating the theft, each party should perform a part of the act or acts necessary to steal said

cattle,—that is, if you believe that it was understood between the defendant and those who actually did take said cattle that said parties were to take said cattle out of said pasture, and drive them off into Dallas County, and that then the defendant should begin his part by taking charge of said cattle, and finish the drive, and sell said cattle,—then you are charged that defendant would be a principal, and guilty under the indictment." As we understand it, a principal in such case is this: If the theft is committed in pursuance of some common design, in order to invoke the doctrine of principals as to an absent defendant, he must, at the time the theft is being committed, be then doing some act in furtherance of the common design (see Wright v. State, 18 Texas Crim. App., 363; Smith v. State, 21 Texas Crim. App., 108); and the charge in question, if it is not, closely trenches on, a charge upon the weight of the testimony. For the errors pointed out, the judgment in this case is reversed, and the case remanded.

*Reversed and Remanded.*

DAVIDSON, Judge, disqualified.