ROBERT WILSON v. THE STATE.

No. 1607. Decided June 21, 1899.

**1. Grand Jury—Presence of Attorney Other than District or County Attorney—Indictment.**

A motion was made to set aside the indictment because an attorney employed to prosecute appeared and examined the witnesses who testified in the case before the grand jury. Held, while there is no law expressly authorizing the presence in the grand jury of any attorney except the district or county attorney, or an attorney appointed by the court, still the appearance of another attorney in the grand jury room at the instance and request of the district attorney is not prohibited by law, and will not operate to quash the indictment.

**2. Theft of Cattle—Irrelevant and Incompetent Evidence.**

On the trial for the theft of one head of cattle, it was error to permit a witness to testify that he and his brother had been employed by defendant to butcher a red cow, and that at defendant's request, he hid the hide in some high weeds over

the butcher-pen fence; there being no evidence that said slaughtered animal was one of the animals involved in this prosecution, or that said transaction was in any manner connected with the transaction on account of which the prosecution on trial was instituted. The testimony was irrelevant, incompetent, and prejudicial.

### 3. Same—Admission of Illegal Testimony—Special Instructions.

After having admitted the illegal testimony mentioned in the foregoing paragraph, it was error for the court to refuse a special requested instruction directing the jury to disregard the same.

### 4. Same—Hearsay.

On a trial for theft of cattle, the testimony of a witness that he had seen officers looking around the slaughter-house of defendant, and had heard them say they were looking for stolen hides, was purely hearsay and inadmissible.

### 5. Theft of Cattle—Defendant as Witness—Cross-Examination—Giving Evidence Against Himself.

On a trial for theft of cattle, defendant, as a witness, in his own behalf, after testifying to his purchase of the animal and that he had a bill of sale for it, produced the bill of sale, and it was introduced in evidence, whereupon the State was permitted to prove by him on his cross-examination that he had previously refused to produce said bill of sale before the grand jury when they demanded it, upon the ground that it would tend to incriminate him. That he was fined by the court and remanded to jail for refusing to produce it before the grand jury, and that he had remained in jail, on account of such refusal continuously, up to the time he was put upon this trial. Held, error. The Constitution provides that no one shall be forced to give evidence against himself, and if he has been forced to resort to the courts for protection where his constitutional right in this respect has been invaded, his efforts to so protect himself can not be used as a criminative fact against him on a subsequent trial.

### 6. Accomplice Testimony—Charge.

Where the evidence on the trial shows complicity in the crime on the part of certain witnesses who have testified for the State, it is error for the court to fail to charge on the law of accomplices with reference to their testimony.

### 7. Alibi—Charge.

Where defendant, as a witness, has sworn that at the time of the commission of the offense, he was at another and different place, it is error for the court to refuse to charge upon alibi.

APPEAL from the District Court of Milam. Tried below before Hon. M. J. MOORE, Special Judge.

Appeal from a conviction of theft of cattle; penalty, four years imprisonment in the penitentiary.

For previous habeas corpus proceedings in this case, see Ex Parte Wilson, 39 Texas Criminal Reports, 630.

About the 1st of June, 1898, M. K. Cummings placed the three cattle alleged to have been stolen in Henry Beard's pasture, situated about eighteen miles from Rockdale, under a contract for pasturage with Ollie Beard, who at that time had control of the pasture. The pasture was about a mile from Cummings' home. Cummings missed the cattle from the pasture on June 17th, and immediately reported to the sheriff that they had been stolen, and in a few days afterwards one head of the cattle was located by the sheriff in the pasture of Wells & Wilson, a firm of butchers at Rockdale, composed of the defendant, his brother, Green, and C. J. Wells. The defendant was immediately arrested for the theft of said cattle, and at the time of the arrest he stated that he had bought the cattle found in the pasture and two others from one Dock Simmons, at his market place in Rockdale, on

October 17th, and that he had a bill of sale for the cattle from Sim-
mons, witnessed by Allen Isaacs, and offered to go with the officers
to the market place and produce the bill of sale, but they refused to
permit him to do this.

*Henderson, Streetman & Freeman* and *E. A. Wallace,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of the theft of cattle,
and his punishment assessed at four years confinement in the State
penitentiary, and he appeals.

Appellant filed a motion to set aside the indictment, and, as a
ground of said motion, urged that the indictment should be quashed
because Col. N. H. Tracy, an attorney at law, was present and ex-
amined the witnesses concerning the said alleged theft before the
grand jury; he having been employed as a private prosecutor to
prosecute defendant. There is no provision of the statute prohibiting
the mere presence of another attorney representing the county attor-
ney, or that such would operate as a quashal of the indictment. While
there is no provision of the law authorizing the presence of other
parties, except the county or district attorney, or attorney appointed
under the authority of the court in the absence of the county or dis-
trict attorney, yet the fact that an attorney appears in the grand jury
room at the instance and invitation of the district attorney will not
operate to quash the indictment. There is no suggestion in this
motion that the private prosecutor was present when the grand jury
were deliberating upon the accusation against defendant, or were
voting upon the same. This, of course, would be ground for quashal
of the indictment. Rothschild v. State, 7 Texas Crim. App., 519;
Goode v. State, 2 Texas Crim. App., 520; Terry v. State, 15 Texas
Crim. App., 66. We do not think the court erred in refusing to
quash the indictment.

Over appellant's objection, the witness Eliza Pearce was permitted
to testify that appellant had employed witness and his brother to
butcher a red cow in the summer of 1898, and requested him to put
the hide of said cow in some high weeds over the butcher-pen fence,
and that, in obedience to said instructions, he put said hide in some
high weeds just across the fence from the slaughter-pen, and near the
slaughter-house. Appellant objected to this testimony because it was
not shown that the same was the cow for which appellant is herein
charged with stealing, because it does not appear that said transaction
was in anywise connected with the cattle for which defendant is herein
charged with stealing, and because said evidence is irrelevant and
incompetent to prove any issue upon this trial, and because said
evidence was calculated to cause the jury to believe that defendant
had stolen said cow and thereby create and produce in the minds of

the jury prejudice against defendant. We think all of said objections are well taken. The fact that appellant may have stolen another cow, or any circumstance indicating that he had done so, unless it was contemporaneous with the taking of this one, on the question of intent, certainly would not be admissible on the trial of appellant in this case; and hence, unless there is some evidence showing that this particular cow, whose hide the witness was directed to place at a certain spot, was the hide of the animal alleged to have been stolen, the testimony would not be relevant to any issue before the jury. After having admitted said testimony, the court erred in not giving the special charge requested by appellant, directing the jury to disregard said testimony. And the witness Eliza Pearce was also permitted to testify, over appellant's objections, that she saw the officers, Bond and Lewis, looking around the slaughter-house of defendant, and heard said officers say they were looking for stolen hides. This testimony was purely hearsay, and should not have been admitted. It was calculated to prejudice the rights of appellant.

Appellant testified during the trial that he bought for his firm three head of cattle, for the theft of which he is herein charged, from Doc Simmons, at appellant's market place, in the city of Rockdale, said purchase being made in the presence of Allen Isaacs, that at the time of said purchase said Simmons executed to defendant a bill of sale to said cattle, and that Isaacs witnessed the execution of the bill of sale; and the defendant then and there introduced said bill of sale in evidence, and after the introduction of said bill of sale, and after defendant's said testimony was given concerning the same, the State offered to prove by defendant, on cross-examination, that he refused to produce said bill of sale before said grand jury, and refused to state where said bill of sale was, upon the ground that the production of the same, and his testimony concerning it, would tend to incriminate and connect him with criminal offenses against the laws of this State, and that the criminal offenses referred to were the theft of said cattle and the forgery of said bill of sale, and that the court fined him $100 for refusing to produce said bill of sale, and remanded him to jail until he produced the same, and that he still refused to produce said bill of sale before the grand jury, and that he had been continuously in jail since said fine, to wit, October 25, 1898, and was then confined in jail for his refusal to produce said bill of sale (no evidence whatever having been introduced by the State pertaining to the defendant's refusal to produce said bill of sale before the grand jury, nor pertaining to his being punished by fine and imprisonment for such refusal); and defendant objected to the introduction of said testimony, because defendant, prior to the time he was before the grand jury, had been charged with the theft of the cattle described in the bill of sale, before the magistrate, and was, at the time he was before the grand jury, under bond to appear before the trial court to answer for said charge (it being the same offense for which he was

on trial), and because the production of said bill of sale before the grand jury, and his answers to questions concerning it, would tend to incriminate and connect him with the commission of criminal offenses against the laws of the State, and because his refusal to produce said bill of·sale before the grand jury, and his refusal to give evidence concerning it, was a right guaranteed him by the Constitution and laws of this State, and because said evidence was irrelevant and incompetent to prove any issue upon said trial. In Ex Parte Wilson, 39 Texas Criminal Reports, 630, we hold that a bill of sale under which witness had claimed to hold certain property, with the theft of which property he and others were charged, is obviously material, and, therefore, where witness shows that such bill of sale would tend to connect him with the crimes of forgery and theft, he can not be required to produce it. The constitutional provision that "in all criminal prosecutions the accused shall not be required to give evidence against himself" applies to the giving of testimony before the grand jury as well as in court. The protection against being required to give oral testimony incriminating the witness applies equally when it is sought to require him to produce any private books or papers. It is a well-known aphorism of the law that you can not do indirectly that which the law prohibits from being done directly. The appellant in this case, when the effort was made to incriminate him by the forced production of the bill of sale, was compelled at that time to plead his constitutional rights; and certainly it would be violative of the letter and spirit of this constitutional provision to permit that same circumstance and act on the part of appellant (that is to say, his refusal to produce the bill of sale) to be used as a criminative fact against him in a subsequent trial of the case of theft. The Constitution provides that no one shall be forced to give evidence against himself, and if an effort is made to force a party to give evidence against himself, and he is driven to the necessity of resorting to the courts to protect himself against this unconstitutional act, certainly his efforts to so protect himself should and ought not to be used as a criminative fact against him in a subsequent prosecution. We think the court erred in permitting the State to invade the proceedings in the habeas corpus proceeding. We would not be understood, however, as indicating that any facts and circumstances, other than the above, going to incriminate defendant and to discredit his testimony, would not be admissible. We therefore hold that the court erred, as stated, in permitting the habeas corpus proceeding to be injected into this trial.

Appellant complains of the court's failure to charge the jury on the law of accomplice's testimony, with reference to the testimony of the witnesses Tom Cummings and Eliza Pearce. An inspection of the testimony of these two witnesses discloses sufficient evidence of complicity on their part in the theft to render a charge on the law of

accomplices necessary. We think it was error for the court to fail to so charge.

Complaint is also made of the court's failure to charge on the law of alibi. Defendant had sworn that he was at another and different place at the time of the alleged theft, and we think the court erred in failing to charge on alibi. See Joy v. State, ante, p. 46. For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*