## TOBE JOY v. THE STATE.

### No. 1766. Decided June 21, 1899.

**1. Fence-Cutting—Ownership.**

· Fence-cutting is in the nature of a trespass, and possessory ownership of the land upon which the trespass has been committed may be proved by parol.

**2. Principals—Alibi—Charge.**

On a trial for fence-cutting, where there was evidence tending to show that there was a previously formed plan between the parties to cut the fence, but upon defendant's issue of alibi the testimony was conflicting, a charge of court to the effect, that all the parties were principals whether they were actually bodily present or not upon the ground when the offence was committed, was erroneous and evidently calculated to injure defendant.

**3. Same.**

It is error for the court to give instructions upon principals and alibi which are directly conflicting.

**4. Impeaching Testimony—Limiting and Restricting Same in Charge.**

Where testimony has been introduced alone for the purpose of impeaching the credibility of a witness which might probably be used by the jury against defendant, it is error for the court to fail to limit and restrict the jury in their consideration of the testimony alone to the purpose of its effect as to the credibility of the witness sought to be impeached by it.

APPEAL from the District Court of Kimble. Tried below before Hon. M. D. SLATOR.

Appeal from a conviction of fence-cutting; penalty, one year's imprisonment in the penitentiary.

The evidence showed that about two and a half miles of Charles Schriner's pasture fence was cut on Saturday night. Defendant owned eighteen acres inside the pasture where he lived. It was proved by several witnesses that before the cutting defendant had talked about doing it, and proposed to them to aid him in cutting it. Bob Davis turned State's evidence under an agreement of immunity from punishment. He testified that he and defendant, Tobe Joy, Ed Joy, Lee Fisher, Buck Joy, and Dock Whitstone cut the fence.

Defendant proved an alibi by several witnesses. Gus Schriner testified that the fence belonged to Charles Schriner, his father, who lived in Kerrville, Texas. This testimony was objected to upon the ground that the title and ownership could only be proved by record testimony, and that parol evidence was incompetent and inadmissible.

No further statement necessary.

*Walter Anderson,* for appellant.—The court erred in overruling defendant's objection to the testimony of Gus Schriner, to the effect that his father owned the fence alleged to have been cut, because the fence had become realty, and the testimony objected to was secondary and not the best evidence. The best evidence should be produced, or its absence accounted for, before secondary evidence is admitted. Jackson v. State, 7 Texas Crim. App., 363; Smith v. State, 13 Texas Crim. App., 507. Chas. Schriner, the alleged owner, lived in Kerrville, and his absence was not accounted for.

It was erroneous for the court by its charge to authorize the jury to convict defendant though they did not believe he was personally present and taking part in the crime, under the evidence in the case. The indictment charged defendant as a principal and the State's entire evidence raised the sole theory that defendant was present participating. Besides, the charge embraced and announced an erroneous proposition of law. Code Crim. Proc., arts. 74, 75; Burgess v. State, 33 Texas Crim. App., 9; Dawson v. State, 41 S. W. Rep., 599.

Defendant was entitled under his evidence to an unequivocal, plain charge on his proof of an alibi. The jury should have been instructed that if they had a reasonable doubt of defendant's presence at the time when and place where the offense was committed (if committed at all), they should acquit. The latter part of the charge also limits or abridges defendant's proof of an alibi and improperly authorizes conviction though defendant may not have been present when the offense was committed. Ayers v. State, 17 S. W. Rep., 253; Jones v. State, 17 S. W. Rep., 544.

The court erred in that part of its charge in which it instructs the jury that witness Bob Davis is an accomplice in the commission of the offense alleged to have been committed, because said charge is tantamount to instructing the jury that an offense had been committed. Spears v. State, 34 Texas Crim. Rep., 537.

When an alibi is proven defendant is entitled to a clear, plain charge upon it. Ayres v. State, 17 S. W. Rep., 253; Jones v. State, 17 S. W. Rep., 544.

In the general charge the court, after instructing the jury to acquit if they had a reasonable doubt of defendant's presence at time offense was committed, added the qualification, "unless you believe he is guilty as a principal as that term is hereinbefore defined," which was entirely unauthorized under the evidence in this case.

The court erred when the jury, after being out about forty-eight hours, came into court and asked the court substantially "if the defendant could be convicted as a principal though he was not actually present and participating when the offense was committed," in pointing out to the jury that part of the general charge defining the criterion for determining who are principals when an offense is committed by two or more, and that each under the circumstances named would be principals whether bodily present or not. Said action of the court

called the attention of the jury particularly and prominently to that portion of the charge, and said portion of said charge is not a correct statement of the law of this case.

The portion of the charge to which the attention of the jury was called was not correct law, and was not authorized by any evidence in the case, and said charge was evidently prejudicial to the rights of defendant. Irvine v. State, 20 Texas Crim. App., 12.

The court erred in failing to limit the testimony of the witness Jeff Hardin to the only purpose for which it could be used, viz., to impeach the witness Jim Taylor.

*Rob't A. John,* Assistant Attorney-General, for the State.—The title to the realty is not the basis of the suit, or the gist of the issue involved. The allegation of title is merely descriptive of the offense. The offense is the cutting the fence of another; the element of the crime being that the fence was not appellant's. It is submitted that title can be, in the case at bar and kindred offenses, shown by parol. Phillips v. State, 17 Texas Crim. App., 174; Belverman v. State, 16 Texas, 131; Tutler v. State, 8 Texas Crim. App., 501; White v. State, 27 Texas Crim. App., 638; Penal Code, art. 828; State v. Toole, 29 Conn., 342; State v. Roe, 12 Vt., 113; Hester v. State, Austin term, 1899.

A charge upon the law as to principals substantially the same as the one given in the case at bar was approved in the Colter case, 37 Texas Criminal Reports, 284, together with the presentation of appellant's theory of alibi.

It is submitted: First. That the charge is a correct presentation of the law of principals. Colter v. State, 37 Texas Crim. Rep., 284; McDonald v. State, 34 Texas Crim. Rep., 558 (the exact definition of principals).

Second. The evidence amply suggested the issues presented, that is to say, of a previously formed design to commit the offense, by the testimony of Bob Davis, amply corroborated by the testimony of Jeff Hardin and Jim Davis. His alibi was simply a clear-cut contradiction of the State's case and could not raise the issue of accomplice before the fact.

Third. The charge of alibi by affirmatively presenting appellant's theory is correct, and in accordance with approved precedent. Colter v. State, 37 Texas Crim. Rep., 284; Pink v. State, 48 S. W. Rep., 171.

The witness Bob Davis admitted his complicity and the court had a right to assume his character as an accomplice. The defendant denied his presence by the defense of an alibi. The statement that "Bob Davis was an accomplice in the commission of the offense alleged," was not a charge that assumed the existence of any fact that was calculated to injure any of the rights of appellant. Code Crim. Proc., art. 723. The fact of the commission of a crime was so understood

as that the witness was an accomplice. The defense was that appellant did not commit it.

It is further submitted that this method of presenting the undisputed fact that the witness was an accomplice, and the fact that his testimony must be corroborated, is proper. Elizando v. State, 31 Texas Crim. Rep., 243.

The failure to limit the effect of the evidence introduced to impeach the witness Taylor was not necessary. It could not have been used for any other purpose by the jury than to affect the witness Taylor's credibility. Malchek v. State, 33 Texas Crim. Rep., 14.

HENDERSON, Judge.—Appellant was convicted of fence-cutting, and his punishment assessed at confinement in the penitentiary for one year, and he appeals.

Appellant complains of the action of the court in permitting parol proof of the ownership of the fence in question. He claims in this connection that the fence is a part of the realty, and that title to realty can only be proven by record testimony. Fence-cutting is in the nature of a trespass, and in a civil action parol proof can be made in regard to the possessory ownership of the land on which the alleged trespass is claimed to have been committed. We see no reason why, in a criminal prosecution for cutting a fence, the possessory ownership can not be proven by parol. We are referred by the Assistant Attorney-General to our statute with reference to unlawfully cutting timber on the land of another, and the decisions thereunder. This, however, is controlled by statute. See article 828, Penal Code. The rule laid down, however, in said cases, is applicable to a case of this character. Belverman v. State, 16 Texas, 131; Phillips v. State, 17 Texas Crim. App., 174; White v. State, 27 Texas Crim. App., 638; Hester v. State (Austin term, 1899), 51 S. W. Rep., 932.

The court gave the jury the following instruction on principals: "All persons are principals who are guilty of acting together in the commission of an offense. When an offense has been actually committed by one or more persons, the true criterion to determine who are principals is: Did the parties act together in the commission of the offense? Was the act done in pursuance of a common intent, and in pursuance of a previously formed design, in which the minds of all united and concurred? If so, then the law is that all are alike guilty, provided the offense was actually committed during the existence and in the execution of the common design and intent òf all, whether in point of fact all were actually bodily present on the ground when the offense was actually committed or not." And also the following charge on alibi: "If, from the evidence in this case, you have a reasonable doubt as to whether the defendant was present at the time of the commission of the offense alleged in the indictment, or participated in the commission of the offense as a 'principal,' as that term

is herein defined to you, you will acquit him." Appellant excepted
to these charges, and asked a special charge on the subject of alibi,
which was refused. There was some proof in the case tending to
show that the parties before cutting the fence had planned to cut it,
and the State's proof showed that appellant was present at the cutting.
Appellant, however, offered proof of an alibi. In this connection it is
further shown that after the jury were out some time deliberating they
returned into court, and made the following inquiry of the judge:
"If the defendant was not present at the time and place of the cutting
of the fence charged in the indictment to have been cut, could he be
a principal in the commission of the offense?" and the court verbally
called the attention of the jury to that part of his charge on principals.
They retired again, and, after being out a short time, the court then
brought them back into court, and marked out and called to their
attention that particular portion of the charge defining principals.
The jury then retired, and subsequently, within an hour, returned into
court a verdict against appellant. The court's charge was erroneous,
and evidently was calculated to injure appellant. Dawson v. State,
38 Texas Crim. Rep., 50; Yates v. State (Texas Crim. App.), 42 S. W.
Rep., 296; Bell v. State, 39 Texas Crim. Rep., 677; Wright v. State,
40 Texas Crim. Rep., 45; Sessions v. State, 37 Texas Crim. Rep., 58.

The charges of the court on principals and alibi were directly in
conflict, and the jury must have been confused in the first instance
by the two contradictory charges. When they returned into court, from
the instruction then given them, they must have believed that the
charge on principals was superior to the charge on alibi.

During the trial of the case, the State put Jim Davis on the stand,
and he testified to certain criminating statements made by defendant,
to the effect that defendant told him that he and others cut the fence.
On cross-examination the said witness was asked if he did not, at a
certain time and place, tell Jim Taylor that Jeff Hardin and Bob
Davis, two State's witnesses, had told him (witness) that he had to
swear against the fence-cutters, to which witness replied, "No." De-
fendant then introduced Jim Taylor, who testified that the witness
Davis did tell him, at the time and place mentioned, that Jeff Hardin
and Bob Davis had told him that he had to swear against said parties.
Thereupon the district attorney, on cross-examination, asked said wit-
ness Jim Taylor if defendant, Tobe Joy, did not twice try to induce
him (Taylor) to assist in cutting said fence. The witness answered,
"No." Thereupon the district attorney asked said witness if he
(witness) did not tell Jeff Hardin on two different occasions that
defendant had tried to induce him (witness) to assist in cutting said
fence, to which witness answered, "No." Thereupon the district attor-
ney placed said Hardin upon the witness stand, and asked him if
witness Taylor did not tell him (Hardin) on two occasions mentioned
that defendant, Tobe Joy, had tried to induce him (Taylor) to assist
to cut the fence in controversy; to which said Hardin answered that

said Taylor did tell him on the occasion mentioned that defendant had tried to induce him (Taylor) to assist in cutting said fence,—said testimony being offered for the purpose of affecting the credibility of the witness Taylor. Appellant excepted to the action of the court in neglecting and failing to charge the jury as to the purpose for which said testimony was admitted, and to limit same in his charge. Unquestionably said evidence could only have been admitted to affect the credibility of the witness Taylor. It was not original testimony against defendant, but was of a character to be used by the jury against him. In our opinion, the court should have limited this testimony in its charge to the purpose of impeachment. The judgment is reversed, and the cause remanded.

*Reversed and remanded.*