WILLIE BALLENTINE v. THE STATE

No. 4460.   Decided March 17, 1909.

**1.—Burglary—Charge of Court—Aggravated Assault—Intent to Rape.**

Where defendant was charged with the offense of burglary with intent to commit rape, and the evidence showed that he entered the alleged house at night and indecently handled the person of prosecutrix, and then fled when she made an outcry, the court was not required to charge on aggravated assault, he having charged the jury that they could not convict defendant unless he had the specific intent to commit rape, and that if he entered said house with any other purpose and intent they must acquit him; the court having previously defined rape and a breaking which constituted burglary.   Qualifying Ballentine v. State, 52 Texas Crim. Rep., 369.—Davidson, Presiding Judge, dissenting.

**2.—Same—Intent—Sufficiency of the Evidence.**

Where upon trial for burglary the evidence showed that defendant entered the alleged house at night and indecently handled the person of prosecutrix, and upon her making an outcry fled, etc., and there was nothing to indicate that defendant had any other intent than that of rape, and the court submitted the issue that if defendant had any other intent to acquit, the conviction for burglary with intent to rape will not be disturbed.—Davidson, Presiding Judge, dissenting.

Appeal from the Criminal District Court of Galveston.   Tried below before the Hon. J. K. P. Gillaspie.

Appeal from a conviction of burglary with intent to commit rape; penalty, fifty years imprisonment in the penitentiary.

The opinion states the case.

*Thomas C. Turnley,* for appellant.—Cotton v. State, 52 Texas Crim. Rep., 55; 105 S. W. Rep., 185; Mitchell v. State, 32 Texas Crim. Rep., 479; 24 S. W. Rep., 280.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—This case was reversed at a former term of this court, and the opinion in same will be found in 52 Texas Crim. Rep., 369; 107 S. W. Rep., 547.   In said former opinion we inadvertently stated that the issue of aggravated assault should have been given in the charge.   We find in this record that appellant again complains of the refusal of the court to charge upon aggravated assault.   We hold that the former opinion, in stating that the issue of aggravated assault was in the case, is erroneous, and it follows that the court did not err in refusing to charge on same in this case.

Appellant was charged with the offense of burglary, with intent to commit rape.   The court, in his main charge, gave the jury the following: "You are instructed that you must find and believe from the

evidence, beyond a reasonable doubt, first, that the defendant broke and entered the house alleged; and second, that he, the defendant, had the specific intent to unlawfully have carnal knowledge by force, and without her consent, of said Ida Barnett, and as same has been fully defined and described herein, and if you should find that the defendant did enter said house, but you should find, or have a reasonable doubt, that the purpose and intent of the defendant was, when he did so enter said house, if he did so, break and enter said house, was for any other purpose and intent, then find him not guilty." The court had previously defined rape and a breaking which constituted burglary in his charge, then followed same with the above quoted charge. The evidence in the case shows that appellant entered the house and was rubbing the leg or thigh of prosecutrix, and immediately upon her making an outcry he fled. The evidence further shows that prosecutrix' two daughters, aged 19 and 17 respectively, were in the room with her. Now, the question raised is, whether the court erred in not charging upon aggravated assault. It was not necessary, as stated above, to so charge. The court told the jury that if appellant had any other intent than rape, or if they had a reasonable doubt as to his having intent to rape, to find him not guilty. This was all that appellant could ask, and if it was not with the specific intent to rape it could not be burglary, since burglary was predicated upon that intent in the indictment. The only question for us to decide is whether the evidence justified the verdict; that is to say, as to whether the evidence showed a specific intent to rape, or justified the jury in so concluding. We hold that it did. There was nothing to indicate that appellant had any other intent. He stole nothing from the house, and he evidently was attempting to have carnal knowledge of the prosecutrix without her consent. There is nothing in the evidence to suggest that he had any reason on earth to believe he had consent to the illicit relation. He stealthily enters the house at night, and when discovered is making an effort to assault the prosecutrix, and could not have had any other purpose than to commit the crime of rape. A cry is raised by prosecutrix and the appellant flees. We can not say that he did not have the intent to rape. To say so would be doing violence to the facts in this case. Many decisions of this court hold that, on an ordinary indictment charging burglary with intent to steal, although nothing is taken, yet the fact of entering the house at night is evidence of the fact that he intends to steal. In this case we have the evidence going farther, and showing an indecent and outrageous handling of the person of the prosecutrix. The indictment having predicated burglary upon intent to rape, the question for us to decide is whether or not this evidence justifies the verdict of the jury. We have no rule of this court under which we could reverse this case for failure of the court to charge on aggravated assault, but the only rule, as we understand the decisions of this court, would be this: that, if this evidence did not make out, or justify the jury in concluding that

appellant had the specific intent to rape, then we could reverse the case for the lack of evidence to sustain the allegation in the indictment; but certainly we have no warrant, in law or reason, for saying that the court should charge on aggravated assault. Appellant does not complain of the above quoted charge. It covers every salient feature of his defense, and tells the jury explicitly that if appellant had no specific intent to rape, or if they had a reasonable doubt thereof, to find him not guilty. Under an indictment for burglary with intent to rape there could never be a prosecution for aggravated assault. Then, on what theory could the court be held to have erred in failing to charge on aggravated assault? This is the complaint of appellant, and not that the evidence is insufficient. We inferentially held that the evidence was sufficient in the former opinion of this court by not declaring that it was not sufficient, and we have no reason to disturb the verdict on the ground that the evidence does not support the allegations in the indictment. It may be suggested that the jury might have concluded that appellant had no specific intent to rape from the sheer presence of prosecutrix' daughters, but this could be readily argued by appellant, and doubtless was properly argued by him, in his address to the jury, and urged as a reason why the jury should not find that he was guilty of burglary with intent to rape, but these isolated facts would not justify us in concluding he had no such specific intent. The charge in all respects submitted the force necessary to constitute rape, as stated above, and properly defined burglary as applicable to the indictment in this case.

There is no other question requiring a review at our hands in this record, and the judgment is in all things affirmed.

*Affirmed.*

[Rehearing denied April 14, 1909.—Reporter.]

RAMSEY, JUDGE (concurring).—It will be observed that only this reference is made in former opinion to the matter aggravated assault, viz.: "Aggravated assault should have been given in charge." This language is used in connection with the statement that the charge of the court is too meager, and is not sufficient in regard to the definition of force such as is necessary to constitute the crime of rape, it being charged in the indictment herein that appellant's intent in entering the house was for the purpose of committing rape by force. From the context, it is evident what is meant by the sentence "aggravated assault should have been given in charge" was merely, in substance, that the jury should have been instructed that, if his purpose was other than to commit rape by force, that he would not be guilty of burglary. Of course, it was not in the mind of the court, under this indictment, how appellant could have been convicted of the offense of aggravated assault as that term is defined by our Code. It is, of course, too clear for discussion that if the intent of appellant, so far as it affected Mrs. Barnett, was less than the specific intent to commit the crime of rape

by force, he would not be guilty of the crime of burglary. However, in the charge of the court this matter is fully covered, and the declaration and statement in the charge that, if he had any other intent in entering the building than to commit the crime of rape by force, he would not be guilty, gives appellant the benefit of every conceivable right he might have had in entering the room, save and except that of the intent to commit the crime of rape, and, as I believe, sufficiently guarded and protected his interests.

DAVIDSON, Presiding Judge (dissenting).—I believe my brethren are in error in affirming the judgment, and therefore file reasons for my dissent.

A report of this case on a former appeal will be found in volume 52 Texas Crim. Rep., 369; 107 S .W., 546. The case is practically the same on the facts as on the former appeal, except that on this appeal it is made to appear that, at the time that the State's evidence shows appellant entered the room of the prosecutrix, that her two daughters, respectively 19 and 17 years of age, were sleeping in the room. The former appeal shows that the husband was also sleeping within a few feet in an adjoining room, separated by double doors, which were open. Appellant was charged with burglary with intent to commit the crime of rape. The proof shows in this record, so far as the State's side of it is concerned, that appellant had raised the mosquito-bar over the bed of prosecutrix, and was rubbing her leg or thigh, and immediately upon her making an outcry he fled. In the opinion on former appeal this language was used: "We are further of opinion that the charge of the court is too meager, and is not sufficient in regard to the definition of force such as is necessary to constitute the crime of rape; it being charged in the indictment herein that appellant's intent in entering the house was for the purpose of committing rape by force. Aggravated assault should have been given in charge." On the trial from which this is an appeal the court did not define aggravated assault. Appellant again raises the question in this language: "The court erred in his charge to the jury in not giving the charge on aggravated assault and battery, because the evidence tended to show that the assault committed, and the only assault committed on the complainant witness, Mrs. Ida Barnett, was only an aggravated assault and battery, and if the jury believe that such was the case, then the offense alleged to have been committed would not be burglary, and the defendant would have been entitled to an acquittal." While the language in the former opinion is not as clear as it should have been, still, in the connection in which it was stated, it sufficiently called the court's attention to the question. If there was but an aggravated assault, then there could not be burglary. Article 634 of the Penal Code reads as follows: "The definition of force, as applicable to assault and battery, applies also to the crime of rape, and it must have been such as might reasonably be supposed sufficient to overcome

resistance, taking into consideration the relative strength of the parties and other circumstances of the case." In addition to this definition of force, the statute, in defining rape, says, in substance, that it must be sufficient to overcome all resistance that may be offered or imposed by the prosecutrix. The only force mentioned in the testimony was the act of placing his hand upon her thigh, and perhaps rubbing it. Immediately upon being discovered by the prosecutrix he fled. Now, what are the "other circumstances of the case?" His entry into the house at night for some purpose; the presence of the husband of the wife and two daughters, respectively 19 and 17 years of age. The jury might have believed it a fair deduction from the facts that he did not intend to use force to overcome all resistance in the immediate presence of the husband of the prosecutrix and her two grown daughters; at least, it might suggest a very serious question, that of his intent to use such force as to overcome her resistance under those circumstances. Now, can it be said, to the exclusion of the reasonable doubt, that this assault would arise to the dignity of an assault to commit rape by force; that is, to force a woman under the environments of the case to submit to his desires in contravention of her resistance? In order to make it a burglary with intent to commit rape, the entry into the house must have been with the specific intent to commit rape by force. This is true by the statute and all the authorities construing that statute. Sirmons v. State, 44 Texas Crim. Rep., 488; Graybill v. State, 41 Texas Crim. Rep., 286, and Hancock v. State, 47 S. W. Rep., 465. And at this point it may be stated, as the settled law, that it is essential that a specific intent to rape be established by the evidence, and that it must go beyond the possibility of such intent. Cotton v. State, 52 Texas Crim. Rep., 55; 105 S. W. Rep., 185, and authorities there collated. If appellant entered the house for the purpose of having intercourse with the prosecutrix with her consent, then the crime of rape was not a part of this case, nor could the assault under such circumstances be one with the specific intent to commit the crime of rape. Under the circumstances, and owing to the fact that prosecutrix and her family were white people, and this was a negro entering the house under such circumstances, the court should have carefully guarded the case. I am of opinion that the error in refusing to instruct the jury that, if the assault was not of a higher magnitude than aggravated assault, then the crime of burglary would not result, was of such importance that it was error on his part not to so instruct the jury. In other words, the jury should have been informed that, if appellant's intent in entering the house and in taking liberties with the prosecutrix was for the purpose of having intercourse with her consent, then the crime of rape or intent to commit rape would not be shown, and the assault would be no higher than aggravated assault, and the entry into the house therefore would not be burglary. In order to constitute burglary under this case the entry must have been with the specific intent to commit the crime of rape

by force; that is, by such force as would overcome all resistance on her part. This is the plain language of the statute, and therefore the criterion of such crime. I therefore think the error was of such importance as to require a reversal of the judgment.