## THE STATE V. D. M. EZELL AND JOHN IVEY.

1. FORMATION OF JURY.—On the trial of a criminal charge, after the State had tendered the defendant a full jury, he was required to pass upon all the jurors tendered, after which the places of those challenged were filled, and defendant required to pass on the new jurors, (before the State was required to pass,) until he was satisfied with the panel or had exhausted his challenges: *Held*, that there was no error.

2. EVIDENCE.—When the District Attorney was allowed by the court to ask the defendants' witnesses where they came from when they came on the witness stand—to which they answered, that they came from jail—it was error not to allow them to state on what charge and under what circumstances they were committed to jail; they could not be discredited by such means.

APPEAL from Travis. Tried below before the Hon. J. P. Richardson.

D. M. Ezell and John Ivey were indicted for theft of a steer. On the trial two of the defendants' witnesses were asked by counsel for the State where they had come from when they came to testify? The objection to the question was overruled, and each answered that he had come from jail. The court would not permit those witnesses to explain the circumstances of their imprisonment, and to state whether they were innocent of the charge preferred against them.

In the formation of the jury defendants' counsel insisted on having the panel filled after each peremptory challenge. This was refused by the court, and the refusal assigned for error. There was a verdict of guilty, and assessing their punishment at two years' confinement in the penitentiary.

*N. G. Shelley* and *Terrell & Walker*, for appellants.

*D. E. Thomas*, also for appellants, cited as the proper mode of challenging 4 Barn. & Ald. Rep. K. B., 476; 1 Hob. R. K. B., 235; Cooley *v.* The State, 38 Tex., 638.

*George Clark, Attorney General*, for the State.

Reeves, Associate Justice.—The court did not err in the ruling touching the appellants' right of challenge to the jury, and the mode observed in forming the jury, as shown by the judge in his explanation accompanying the bill of exception, which is as follows: "The defendant was required to pass upon a full jury, and to challenge or accept them, and when he had passed upon the jurors in the box and challenged or accepted them, then the places of those challenged were filled and defendant called upon to pass upon those jurors called to fill the places. In other words, the defendant was not allowed to swap jurors."

It is presumed that the attention of the court was not called to the opinion in James Cooley *v*. The State, delivered in September, 1873, and not reported, in which Justice Walker, in delivering the opinion of the court, holds the contrary, and lays down the rules for the guidance of the District Courts in the formation of the jury and the right of challenge.

The decisions of the courts in the different States are not in harmony on this subject, generally following the English practice, where it has not been regulated by statute. By the English practice it is understood that the party has a right to challenge until the juror is sworn, and that each juror is sworn as soon as he is examined, and opportunity is given for challenge, and not, as with us, after the jury has been completed; and it is said, "The delay in swearing him when he is examined is not to give any privilege to the prisoner which he did not claim elsewhere, but to prevent multiplying oaths, and to save the delay incident to the administration of the oath twelve times instead of once." Under this rule the practice in both cases is the same. In the one case the right of challenge must be exercised at the time the juror is sworn, and in the other when he takes his seat as a juror after

having been examined. (State v. Porter, 18 Conn. Rep., p. 166.)

Permission has been given to parties to challenge for cause after a juror has been accepted and before he is sworn; its sufficiency, and the reason why it was not made sooner, to be judged of by the court. (McFadden v. The Commonwealth, 23 Penn. State Rep., 12; Edelen v. Gough, 8 Gill, Md. Rep., 87; Spencer v. De France, 3 Iowa, Green's, 216; Williams v. The State, 3 Ga., 453.)

In other cases a party is allowed to challenge a juror after he was accepted, but before he was sworn, without showing cause. (Beauchamp v. The State, 6 Blackf. Rep., 299; The State v. Patrick, 3 Jones, N. C., 447.)

Again, it has been held that the right of peremptory challenge is a right to reject and not to select a juror, and that the order in which it was done was a matter within the control of the court. (State v. Hays, 23 Mo., Jones, 287.)

The course adopted by the judge on the trial of this case, if not the general practice, is known to prevail in many of the judicial districts of the State, and is believed to be in accordance with our Code of Criminal Procedure. Article 3028 provides that "the regular jury for the term shall try all offenses not capital, unless challenged for cause, in which event the panel shall be filled up by summoning talesmen; and if more jurors are required to enable the court to proceed with the business of the term, the sheriff shall supply them from the bystanders." "Where the list of persons summoned for the trial of a criminal cause is exhausted by challenges or otherwise, or where the persons summoned do not attend, talesmen shall be summoned upon the verbal order of the court until the jury is completed."

The ruling of the court does not violate the provision of the Code; and it not appearing that the defendants were prejudiced thereby, or that the discretion of the court was

in anywise abused to the injury of the defendants, the action of the court will not be revised.

The object and intention of the law is to secure to the accused a fair and impartial trial, and the provision made for that purpose is ample, without any strained construction of the Code for further security. The right of challenge, peremptory or for cause, gives to the accused a full share in forming the jury and full protection from the wrongs complained of. Though we find no error in the action of the court in this respect, we believe there was error on another ground, for which the judgment should be reversed.

On the trial the defendants' witnesses, Robert Hager and John Ezell, were asked by the District Attorney " where they came from when they came on the witness stand," which was objected to by the defendants; but the objection being overruled, they answered that they came from jail.

If the object was to impeach the credit of the witnesses before the jury, it was not competent for that purpose, and they could not be discredited in that mode. However that may have been, the question having been asked and answered, the witnesses should have been permitted to state on what charge and under what circumstances they were committed, so that the jury might judge of the circumstances in considering and weighing their evidence.

The answer was calculated to make an unfavorable impression on the jury, when, perhaps, an explanation might have removed it, and shown that their confinement was for some cause that would not make them unworthy of credit, or which might have been explained.

The evidence was conflicting, and we will not undertake to say in such a case that the defendants were not entitled to the benefit of the answer, and, if they could, to remove the doubt or suspicion implied in the question put to the witnesses.

The record shows other irregularities; but as the case must be reversed for the cause already mentioned, and as these irregularities are not likely to occur on another trial, they are not now considered.

The judgment is

REVERSED AND CASE REMANDED.