## J. B. LATHAM v. THE STATE.

### No. 1545.    Decided June 22, 1898.

1. **Aggravated Assault by an Adult Upon a Child — Self-Defense in Such Case.**

There is no law which abridges an adult's right of self-defense to an attack made upon him by a minor or child who may not, on account of his age, be the subject of punishment.

2. **Same—Evidence of Prior Difficulty.**

On a trial for aggravated assault by an adult upon a minor, it is inadmissible to prove a prior trouble between the parties, six months before, in which defendant had hurt the minor,—the transaction being in no manner connected with or calculated to shed light upon the issue on trial.

APPEAL from the County Court of Coke. Tried below before Hon. S. J. CHAPMAN, County Judge.

Appeal from a conviction for aggravated assault; penalty, a fine of $25.

The opinion states the case.

No brief on file for appellant.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of an aggravated assault on a child, and his punishment assessed at a fine of $25, and he appeals.

The evidence for the State discloses that appellant slapped the child Willie John Ingram with some papers; that young Ingram grabbed the papers, and ran away with them, forty or fifty feet, and laid them down, and began throwing rocks at appellant. Finally, he threw a block of wood. Appellant caught this block of wood, and threw it back at young Ingram, striking him on the leg, causing it to bleed. Some of the witnesses call this block of wood a stick, and the description is so indefinite in the statement of facts that it is difficult to comprehend its dimensions. The stick or block of wood seems to have been cut from a plank six inches in width, and was about two or three inches long. The defendant's testimony made it appear that appellant had just received his mail, having placed his papers in his coat pocket, when the little boy, Ingram, grabbed them, and ran away, and began throwing rocks at appellant. The contradiction in the testimony between appellant and the State is mainly in regard to the beginning of the difficulty; the prosecution introducing evidence showing that the appellant slapped the boy with the papers at the beginning of the difficulty, and appellant that he did not slap the boy, but that the boy seized his (appellant's) papers from his pocket, and ran away, and then began the assault by throwing rocks at him. All the witnesses agree that the boy did throw the rocks, and that he threw

the block of wood at appellant, which was subsequently thrown by appellant at the boy. In addition to the testimony introduced by appellant with regard to the immediate facts of the trouble, the testimony shows that young Ingram was a pretty tough boy. He seems to have made himself obnoxious in many ways, as by rocking houses, chunking people, cursing and swearing. In fact, if the testimony along this line be true, he seems to have been a sort of pestilence in society, not controlled by his father, if in fact he was not encouraged by his father in this course of conduct.

Under this state of facts, the court charged the jury, if they believed appellant struck the boy as charged in the information, they should convict of aggravated assault. Appellant requested the court to charge the jury, if they believed the defendant's testimony, they should acquit. We are of opinion that this charge should have been given. If, as shown by the defendant's testimony, the boy seized his papers, and ran away with them, and began chunking appellant with rocks and sticks, the defendant not having begun the difficulty by slapping the boy with the papers, certainly appellant would have the right to resist the assault of the boy. We know of no law that abridges the right of self-defense because the attack is made by a minor or child. It certainly is not found in the law which punishes an adult for striking a child. That act of the Legislature is predicated upon the idea that the child shall be protected from unlawful violence by an adult; and, when the violence is inflicted by the adult upon the child, the punishment is increased by reason of that fact. It is true that, where the child is under 9 years of age, he might not be punished for an assault upon an adult; still, that would not require a man to stand and be shot to death or shot at even by a child under 9 years of age. He certainly would have the right to protect his life or his body.

The State introduced evidence of a prior trouble between the defendant and young Ingram, to the effect that appellant, about six months previous to this difficulty, had hurt young Ingram. This was objected to by appellant. This testimony should have been excluded. It served no purpose in the case. It shed no light upon the transaction at issue, and was calculated to excite the prejudices of the jury. It was a different transaction, and in no way connected with the one for which appellant was being tried. The judgment is reversed and the cause remanded.

*Reversed and remanded.*