### Albird Dimry v. The State.

No. 2136. Decided November 29, 1899.

**1. Assault with Intent to Murder—Evidence as to Other Disconnected Crimes.**

On a trial for assault with intent to murder, it is clearly erroneous to admit evidence of a personal difficulty between defendant and another party than the prosecutor on the morning preceding the trial and in no way connected with the issue involved on the trial.

**2. Same—Withdrawal of Evidence Admitted.**

The rule in this State is that, ordinarily, the withdrawal by the court of illegal evidence after its admission cures error in admitting it. But the exception to the rule is that a withdrawal will not cure the error where the evidence is of such a prejudicial character as to so influence the jury against defendant as to deprive him of a fair and impartial trial. See opinion for facts stated coming within this exception.

Appeal from the District Court of Nacogdoches. Tried below before Hon. Tom C. Davis.

Appeal from a conviction for assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The indictment charged appellant with an assault with intent to murder R. S. Stephens, committed on the 25th of November, 1898.

Defendant testified as a witness, and over his objections the court permitted the State to elicit from him the following statement in answer to questions propounded to him on his cross-examination, viz:

"The reason that my head is tied up is because I got knocked in the head this morning. I had some trouble with a man they told me was Bolivar Williams. That he gave Bolivar Williams a ten-dollar bill after buying some goods and he only gave him change back for five. I told Mr. Williams I gave him a ten-dollar bill and he told me I didn't. I told him I didn't want him to beat me out of my money; that I had given him a ten-dollar bill, and if he said I did not he was a damn liar, and about this time he struck me over the head. I don't know what he hit me with, but it sounded like a gun to me. There was no fight in it; I was just knocked in the head, that was all. That is the reason my head is now tied up."

The prosecuting attorney commented upon this evidence, as follows: "All of you know Bolivar Williams down here, who clerks for Mayer & Schmidt, and you know if he had to knock the defendant in

the head that he had a right to do it, for you know that Bolivar Williams would not strike a man unless he was in the right. That the defendant, who is an Italian and French, went down there and raised a row this morning with Bolivar Williams and accused him of trying to steal $5 from him, and you all know Bolivar Williams would not do it, and this shows what kind of man the defendant is."

No further statement required.

*Blount & Garrison,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of an assault with intent to murder, and his punishment assessed at two years confinement in the penitentiary.

Bills of exception numbers 1 and 2 were reserved to the action of the court permitting the State to prove by defendant that on the morning preceding the trial he had a personal difficulty with one Bolivar Williams over a small financial transaction in which Williams had sold him some goods, and in which he had accused Williams of trying to cheat him in making change, the details of which are given in bill number 2. Bill number 1 was reserved to the argument of the district attorney upon this testimony. Various objections were urged to the introduction of this testimony, as well as to the argument of counsel, the principal of which was that the character of defendant for peace or violence could not be put in issue by the State, either generally or by proof of the particular or isolated act, and especially where these matters occurred between appellant and other parties in no way connected with the transaction at issue. The admission of this testimony was clearly erroneous. Thompson v. State, 38 Texas Crim. Rep., 335, and authorities cited.

It is contended that this was rendered harmless, however, by the charge of the court, instructing the jury not to consider the testimony in regard to the difficulty between Williams and appellant, as well as the remarks of the district attorney, in relation thereto. Just how far the court may go in admitting testimony, and subsequently withdrawing it from consideration of the jury, is a question upon which the authorities are not harmonious. The weight of authority, however, seems to be that such withdrawal usually cures the error, and this is the rule in this State. Miller v. State, 31 Texas Crim. Rep., 609, 636 (on the latter page the authorities are collated); Trotter's case, 37 Texas Crim. Rep., 468. In Miller's case it was held that the withdrawal of testimony previously admitted renders the error so far harmless as not to require reversal. It was further said, however: "It is not intended here to hold that cases may not arise in which the withdrawal of testimony would not cure the error in

41st Crim. Rep.—18

admitting same; for it may occur that such evidence was of such a prejudical character as to so influence the jury against defendant that he would be deprived of a fair and impartial trial." In the Miller case the testimony was withdrawn from the jury both verbally and in writing. In the case in hand the evidence was permitted to go to the jury, and bill of exception was reserved, which was approved by the court. One of the principal arguments made by the prosecution against appellant was upon this illegal testimony, and it was not withdrawn until at the close of the court's charge. These matters are all manifest of record. We are of opinion, under this statement, this error was of such a prejudicial character that the judgment should be reversed. The circumstances constituting the assault were strongly contested, as to who was the provoking party and who was the aggressor. It occurred at the residence of appellant. Appellant's testimony was all to the effect that his acts were in self-defense. This testimony and the character of the argument, under the peculiar circumstances of the case, may have induced the conviction of assault to murder, instead of an aggravated assault, or deprived him of an acquittal. There are some questions raised upon the motion for new trial, which, as presented, will not occur upon another trial. For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*