### W. N. GRANT v. THE STATE.

No. 2242. Decided October 31, 1900.

**1. Evidence—Shoe Tracks.**

Where a witness, without having measured defendant's shoe and tracks seen by him, simply testified that he saw a track upon the ground that he took to be made by a number 9 shoe, and that defendant wore a number 9 shoe, the evidence was inadmissible because not sufficiently accurate and certain.

**2. New Trial—Evidence of Acquitted Codefendant.**

Where, subsequent to defendant's conviction, his codefendant has been tried

and acquitted, and said codefendant makes affidavit, in support of defendant's motion for new trial, to facts exculpatory of defendant, which, taken in connection with other facts in evidence, would tend to exculpate defendant, a new trial should be granted.

3. Burglary—Evidence Insufficient.

See opinion for evidence summarized, which is held insufficient to support a judgment of conviction for burglary.

4. Criminal Trial—Quantum of Proof.

On a criminal prosecution, it is essential, in order to sustain a conviction, that the presumption of innocence and reasonable doubt must be overcome by the evidence.

APPEAL from the District Court of Wichita. Tried below before Hon. A. H. CARRIGAN.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The indictment charged appellant with the burglary of the house of one W. J. Shaw, and the theft therefrom of thirty bushels of oats.

One W. M. Ballow was indicted separately for the same offense, and, after this appellant was convicted, the said Ballow was tried in his case and acquitted. Ballow filed an affidavit in support of defendant's motion for a new trial.

A concise statement of the material facts proved, and which are held insufficient to support the conviction, will be found in the opinion.

Edgar Scurry and George E. Miller, for appellant, filed an able and elaborate brief and argument.

Rob't A. John, Assistant Attorney-General, for the State. [No brief for the State found with the record.—Reporter.]

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary. There are several questions suggested for revision, which, in the light of the record, we deem unnecessary to discuss. The misconduct of the jury, as detailed in the record, will not occur upon another trial.

The evidence of Shaw in regard to tracks, as presented by the bill of exceptions, was hardly admissible. While parties may testify as to tracks by comparison, still the witness must show that he placed himself in the attitude of being able to testify with some degree of accuracy as to the similarity of the tracks made upon the ground with the shoe worn by the accused. Usually this is shown by measurements of the shoe and the tracks. At least, it is done in some way that shows this character of evidence, as termed in the books "the shorthand rendering of the facts," to be admissible. The witness simply testified that he saw a track upon the ground that he took to be that made by a number 9 shoe; that appellant wore about a number 9 shoe. We think a little more accuracy and certainty is required in this character of testimony, even if it is a "shorthand rendering of the facts."

Subsequent to appellant's conviction, his codefendant, Ballow, was

placed upon trial and acquitted for this identical transaction. Among other grounds, he moved for a new trial for Ballow's testimony, attaching Ballow's affidavit as to facts to which he would swear. We believe the motion for new trial should have been granted on this ground. The State's case hinged upon the fact that appellant and Ballow committed the burglary, and took from the "granary" eight sacks of oats. The contention below, and all the evidence, such as they had, was introduced for the purpose of showing that Ballow and appellant committed the burglary. The substance of the testimony shows that a wagon drawn by a mule and a pony was trailed from the "granary." Appellant owned a wagon, two mules, and a pony. The wagon was tracked from the granary by and beyond appellant's house, where the trail was lost. The theory of the State was that Ballow drove the wagon to his place of residence. If this was not the theory of the State, it had none. The testimony shows conclusively, by the tracking party, that appellant did not have the stolen oats at his place. His premises were searched for oats, and none found. It was further shown, by the undisputed testimony, that Ballow was in Wichita Falls in a certain saloon about 9 o'clock at night. The evidence proved on this trial tended strongly to establish an alibi for Ballow. As presented by this record, the evidence is insufficient to sustain this conviction. The evidence for the State does not meet the requirements of circumstantial evidence at any point. The track of the horse and mule worked to the wagon; the fact that the wagon went by appellant's house, thence into Wichita Falls; the fact that one of the tracks was a number 9 shoe, and that appellant's foot was about that size,—are the incriminating facts. It is indisputably shown that shoes of the size indicated were common in that neighborhood. The names of several parties were given who had teams as that indicated as having been worked to the wagon on the night of the burglary. Appellant may be guilty, but, before a conviction can be sustained, the presumption of innocence and the reasonable doubt must be overcome by evidence. The judgment is reversed and the cause remanded.

*Reversed and remanded.*