### TONY LEE v. THE STATE.

No. 2534. Decided March 26, 1903.

**1.—Local Option—Evidence of Prior Prosecution.**

On a trial for violating local option, it is inadmissible to prove by defendant, on his cross-examination, that several months prior to this prosecution he had pleaded guilty to a similar offense.

**2.—Impeachment of Witness—Evidence.**

On the impeachment of the credibility of a witness who, on his cross-examination, admitted that he was at the time in jail on criminal charges, but refused to state the nature of such charges, it was competent to admit and read in evidence the indictments which charged the crimes against him. Henderson, Judge, dissents to this proposition.

Appeal from the County Court of Fannin. Tried below before Hon. W. A. Evans, County Judge.

Appeal from a conviction of violating local option; penalty, a fine of $25 and twenty days imprisonment in the county jail.

No statement required.

*James H. Lyday,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days confinement in the county jail.

The State was permitted to prove by defendant, on cross-examination, over his objections, that six or eight months prior to the institution of this prosecution he (defendant) was indicted for selling, in violation of the local option law, a drink called "Waukesha;" that he pleaded guilty in one case, and was fined and sent to jail for twenty days. Appellant objected to said testimony because the same in no way tended to prove the charge for which he was on trial, that the same would prejudice his case, and that the same was a separate and distinct crime. These objections are well taken. Johnson v. State (Texas Crim. App.), 62 S. W. Rep., 756; Denton v. State, 42 Texas Crim. Rep., 427, 1 Texas Ct. Rep., 567; Walker v. State (Texas Crim. App.), 72 S. W.

Rep., 997; and McAnally v. State, 73 S. W. Rep., 404. In Ware v. State, 36 Texas Crim. Rep., 599, we used this language: "Such evidence was not introduced with reference to the identity of the transaction, or with reference to the intent of defendant in committing the burglary in this case, or as developing the res gestae of this transaction. They may or may not have been contemporaneous crimes, but, when contemporaneous crimes are admitted for the various purposes for which they may be used, it means that character of contemporaneous crimes that sheds some light on the transaction then under discussion. The defendant may have committed the burglary, and stole the property of other people. He may have stolen Mr. Haeger's pig, or Mrs. Ewing's cup, or Mr. Jackson's hay, but they are not shown to have had any connection with or to shed any light upon the question that was then being tried by the jury." And so with this transaction. The fact that appellant had previously been convicted and paid a fine for selling Waukesha, beer or other intoxicants, would not be evidence of his guilt of the charge now on trial.

The second bill complains that, while the witness "Charley Oldham was being cross-examined by defendant, he admitted that he was at that time confined in the Fannin County jail on three criminal charges pending in said court, and, on being asked the nature of the charges, refused to testify, and would and did not testify as to the nature of said charges against him, whereupon defendant offered to introduce the clerk of said county court, to identify the record of said charges, and offered to read in evidence the information in each of said cases, charging said Oldham with theft, for the purpose of attacking his credibility as a witness in said case, and for the purpose of allowing the jury to consider it in weighing the credibility of said witness, and for no other purpose. But the court excluded said testimony. In Lights v. State, 21 Texas Crim. App., 308, we held it was competent to introduce evidence of the fact that appellant had been in the penitentiary for a crime, for the purpose of discrediting him. This case overrules State v. Ezell, 41 Texas, 35, announcing the contrary doctrine. In Woodson v. State, 24 Texas Crim. App., 153, the Lights case was reaffirmed. In Carroll v. State, 32 Texas Crim. Rep., 434, both of said cases are quoted with approval; the court stating (quoting from Real v. People) "that a witness on cross-examination may be asked whether he has been in jail, penitentiary, or other place that would tend to impair his credit," and whether he has been convicted, or whether he has had a charge preferred against him, and that such inquiry may be made even if the party is out on bond. The court states: "This character of cross-examination is permitted upon the theory that, where a man's life or liberty depends upon the testimony of another, it is of the highest importance that they whom the law makes the exclusive judges of the facts and the credibility of the witnesses should know how far the witness is to be trusted." The rule that a witness may be impeached by asking him if he has been convicted or charged with a crime that dis-

graces him, such as theft, was reaffirmed in the case of Combs v. State 36 Texas Crim. Rep., 599; Tippett v. State, 37 Texas Crim. Rep., 186; (Texas Crim. App.), 49 S. W. Rep., 585. And see also Ware v. State, Payne v. State, 40 Texas Crim. Rep., 290; Bruce v. State, 39 Texas Crim. Rep., 27. But in Brittain v. State, 36 Texas Crim. Rep., 406, it was held that the court will permit an investigation as to other cases imputing moral turpitude of a defendant witness, only for the purpose of affecting the credit of such witness; they can not be permitted for the purpose of laying a predicate to impeach by showing contradictory statements; and, where the State is permitted to ask a defendant on cross-examination if he is under indictment for other crimes or misdemeanors, his answer is conclusive, and, if he answers that he does not know, it is error to permit the introduction in evidence of the indictment charging him with such other crimes. We understand the rule laid down in the books and authorities above cited to be that the witness can be compelled to answer that he has been convicted or indicted for a crime imputing moral turpitude, if such is the fact, or the indictment or record of conviction can be introduced to attack his credibility, In other words, the witness can be attacked as well by one method as the other. The right to ask the question and elicit an answer carries with it the right to force an answer. We are not unmindful of the fact that this is a collateral matter, but it is not that character of collateral attack that makes the witness' obstinacy preclude an answer. Therefore we hold that the learned judge erred in refusing to force the witness to answer the question, and also erred in refusing to permit the introduction of the indictment showing prosecuting witness Oldham was indicted for theft.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

HENDERSON, Judge.—I agree with the majority of the court as to a disposition of the case, but do not agree to overruling Brittain's case, 36 Texas Crim. Rep., 406. That was a unanimous opinion, and, though it is not in harmony with some prior decisions, yet I believe it accords with sound legal principle. As discussed in that case, it is a rule of law that a witness may be discredited by showing on his cross-examination that he had been previously charged with some felony or misdemeanor imputing moral turpitude. I apprehend it will not be contended that this evidence is not purely on a collateral issue; that is, the testimony simply goes to the credit of the witness, and, while he may be cross-examined as to crimes with which he may have been charged, if he denies the imputation he can not then be contradicted. Why? Because the matter is collateral. See authorities cited in Brittain's case, supra. And in addition, see Jackson v. State, 33 Texas Crim. Rep., 281; Conway v. State, 33 Texas Crim. Rep., 327. Under these authorities, in cross-examination a witness may be asked a ques-

tion, the answer to which, if given in the affirmative, may tend to dis-grace him, as showing that he had been formerly charged with crime, had been in jail, etc. But if he deny this, the State must be content with his answer, because, the issue being purely collateral, it is not permissible to introduce other testimony to impeach the witness. This, as I understand, is the general doctrine, and I see no reason for an exception to it as to this character of collateral testimony.