GEORGE DAVENPORT, ALIAS GEORGE DAMPERS, v. THE STATE.

No. 3253. Decided November 22, 1905.

**Theft—Evidence—Extraneous Crime.**

On trial for theft it was error to introduce evidence of a similar theft to the one on trial, where it was not necessary to develop the res gestæ, establish system, or to show the intent of defendant, these questions not being controverted.

Appeal from the District Court of Lamar. Tried below before Hon. Ben H. Denton.

Appeal from a conviction of theft; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.—Dawson v. State, 32 Texas Crim. Rep., 535; Mason v. State, 31 Texas Crim. Rep., 306.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of theft. This is a companion case to that of Jack Bink v. State, decided November 15, 1905. The conviction in Bink's case was reversed because of the introduction of an extraneous transaction through the witness Holder, in which appellant, either in person or assisting another, perpetrated the same character of theft upon another party as he did upon holder. The case now in hand is the theft committed from Holder, for which appellant was on trial, and for which he was convicted. Holder was the witness to the extraneous crime in the other case, when Chapman was the alleged owner. In this case Holder is the alleged owner, and Chapman testified to the extraneous crime. The theft from Chapman occurred on February 4, 1905, in the Indian Territory. The theft in this case from Holder occurred on January 16th, about three weeks before the other transaction in Lamar County. The evidence here is undisputed as to the method or plan of appellant in obtaining the money from Holder. There is no adverse testimony; and it is shown that he obtained it by representing to Holder that he had the corpse of his father on the train, was short of money, and the expressman would not take a check he exhibited to Holder. Holder relying upon this, gave him the money, and appellant disappeared. He played that device upon Chapman in the Indian Territory as he did upon Holder in this case in Paris, Texas. Extraneous crimes can be

introduced to establish system, develop the res gestæ, and show the intent, when they serve to do so; and they may also be used to identify the party on trial. But it is only where some of these matters are in issue that extraneous crimes are admissible. None of these questions are controverted. The evidence is clear and succinct, if Holder told the truth. Appellant did not deny it and introduced no evidence. There is no question raised here that would authorize the introduction of the crime committed three weeks after the one for which this conviction occurred. This is the question decided in Bink's case, above referred to. The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*

Henderson, Judge, absent.