## O. H. BRYAN v. THE STATE.

### No. 3526.    Decided January 17, 1906.

**1.—Theft of Cattle—Evidence—Opinion of Witness.**

Upon a trial for theft of cattle, it was error to admit testimony that the witness would have detected the difference in the brand upon the animal alleged to have been stolen, or in his opinion would have done so after an eleven mile drive, etc., as this was purely the opinion of said witness and would not preclude defendant's innocence, and the fact that he was mistaken about the character of the brand.

**2.—Same—Evidence—Extraneous Crime.**

Upon a trial for theft of cattle, it was error to permit the introduction of testimony showing other and different thefts, in no way connected with the theft in question, or illustrating the intent of defendant or showing system.

**3.—Same—Testimony not Germane.**

Upon trial for theft of cattle, it was error to permit the introduction of testimony showing various other thefts, disassociated from and entirely independent of the transaction with which defendant stood charged; as no evidence was germane to the case on trial unless it threw some light upon defendant's guilt or innocence.

Appeal from the District Court of Hale.  Tried below before Hon. L. S. Kinder.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

W. C. Mathes, Dalton & Wilson, J. T. Montgomery, for appellant.

Howard Martin, Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of the theft of cattle, his punishment being fixed at two years confinement in the penitentiary. The first bill of exceptions shows that the State proved by the witness Cub Hadley, the following: "I don't think I would have driven that animal (referring to the C-L Bracken animal, which defendant is charged with stealing) for eleven or twelve miles and not have found out what the correct brand was on it." The bill further shows that the defendant had on cross-examination asked witness questions to which the witness had responded, "I helped skin the animal (C-L Bracken animal), and I have been in the cow business for a good deal. I do not think I would cut that animal for a T-L brand instead of that one which was on that animal that I helped Miller kill. There is some similarity to a C and U, but not to a C and T. I don't think that I would mistake it for a T. I did take it for a U, but I did not pay any attention much to it there at that time." When the witness was turned over to the State on re-direct examination, he testified as first above stated, that he would not have driven the animal and not have found out the correct brand, etc. To the testimony of the witness

as to what he would discover with eleven miles driving, appellant objected on the ground that the same was the opinion of the witness as to whether defendant knew what brand was on the Bracken animal when he drove it from the Lash pasture to Miller's butcher pen, or should have known it; and second, because the same was the opinion of the witness as to there not being a mistake made as to the brand on the animal when it was the province of the jury from all the evidence to pass on this question, as defendant's defense was that he made a mistake as to the C-L animal, and that it was a T-L brand on the animal. Witness' testimony showed the jury that he thought defendant knew or should have known what was on the animal, and therefore the witness' testimony prejudiced the jury against appellant. This testimony should not have been admitted. In order to constitute theft, there must be a fraudulent taking. If the witness took the animal, believing it was his own, and that the T-L brand was on the same, and not a C-L brand, the fact that he was mistaken about the character of the brand upon the animal (if he was mistaken) would not preclude defendant's innocence, and the fact that witness would have detected the difference in the brand, or in his opinion would have done so, after an eleven mile drive, was but purely the opinion of said witness and very prejudicial evidence to the appellant. The same character of testimony was introduced by the State's witness John Ligon. It follows that this testimony was not admissible.

By the third bill it is shown that the State was permitted to introduce a witness showing other and different thefts in no way connected with the theft or taking in question. To which testimony appellant objected, because he is indicted and convicted for the theft on May 28, 1905, of Tom Bracken's animal, branded C-L on the left side, and the testimony objected to was as to Dye losing an animal on May 25, 23, or 22, 1905; at a different time and place; that the testimony showed, if said taking occurred, defendant had no connection with the property taken; that the two transactions are separate and distinct, and not contemporaneous; and if the defendant took the Dye animal, then the same was too remote, and did not tend to throw any light on the transaction of defendant with the C-L animal. Various objections are urged to the testimony, but we deem the accuracy of these objections decisive of the question. It is never permissible to prove extraneous crimes unless they illustrate the intent, or show system, or are part and parcel of the res gestæ. McAnally v. State, 73 S. W. Rep., 405.

Various other thefts were proved against appellant as evidenced by other bills of exception, disassociated from and entirely independent of the transaction here being inquired about, which should not have been done. Where appellant is indicted for an offense, no evidence is germane to the trial of that case unless it throws some light upon his guilt or innocence in the trial of the issues there joined. If it tends to incriminate him, it should be introduced for the State. If

it tends to exculpate him, appellant is entitled to introduce the testimony. But it must be germane, pertinent and relevant testimony to one or the other of these two issues, which are the sole issues in the trial of a criminal case. Extraneous crimes having no connection whatever with the question then on trial should not be introduced.

. We do not deem it necessary to pass on the various other questions, including the charge of the court limiting the effect of the testimony held to be inadmissible above. For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*