## Glenn Herndon v. The State.

### No. 3756. Decided January 23, 1907.

#### 1.—Burglary—Charge of Court—Intent—Contemporaneous Offenses.

Where upon trial for burglary of a certain house, the evidence showed that defendant and his codefendants had burglarized the same, and the intent with which said burglary was committed was not disputed by the evidence, and there was no evidence that the parties entered the same accidentally or inadvertently, the fact that they had in their possession, or some of them, fruits of the burglary committed upon another house, could not be introduced for the purpose of showing a felonious intent of burglarizing the house alleged in the indictment; and it was error to instruct the jury that they could consider the burglary of the

other house, or the possession of any personal property taken therefrom, to de-termine the intent of the defendant in the case on trial.

**2.—Same—Defendant's Failure to Testify—Charge of Court.**

Upon trial for burglary, where the defendant had failed to testify, the court correctly charged that the defendant having failed to go upon the stand and testify in his own behalf, the jury must not discuss the failure to do so, or consider such failure for any purpose whatever.

**3.—Same—Charge Refused—Confession—Youth of Defendant—Excitement—Coercion—Credibility of Witness.**

Upon a trial for burglary, where the record showed that defendant was duly warned shortly before making a confession to the officer, mere excitement or the youth of defendant would not raise the issue of an involuntary confession, and would not require a charge to exclude said confession if made through coercion or persuasion; nor would a charge to take all of the confession of defendant to be true, be authorized.

**4.—Same—Warning—Character of Statement—Charge Refused.**

Upon trial for burglary, where the sheriff had warned the defendant that any statement he might make in his presence might be used against him, a charge that any statement made by defendant to another person when the officer was not present would not be evidence, was not authorized.

**5.—Same—Circumstantial Evidence—Charge of Court.**

Upon trial for burglary where the case is one of positive testimony, the court did not err in failing to charge the jury on circumstantial evidence.

**6.—Hearsay—Declaration of Third Parties—Bill of Exceptions.**

Upon trial for burglary it was not competent to permit a State's witness to relate a conversation between himself and a third party out of the presence and hearing of defendant. If he was attracted by any character of noise, he could tell that as a reason for going to a certain place, without relating such conversation. However, the bill of exceptions was defective in that it did not state what witness heard or what was said.

**7.—Evidence—Withdrawal of Testimony.**

Where upon trial for burglary a witness for the State stated that the cash drawer was drawn out when he entered the burglarized store, and it was afterwards shown by another State's witness that he had opened said drawer, whereupon the court withdrew the testimony of the first witness with reference to the drawer being open and excluded it from the jury, there was no error.

**8.—Same—Declaration of Third Parties—Hearsay.**

Upon a trial for burglary, there was no error in permitting a State's witness to testify that his attention was attracted or directed by a certain party to a condition in the alleged burglarized house, and that he examined such condition, and then went for an officer; but he could not testify to conversations with or statements made by other parties to him in the absence of defendant.

**9.—Same—Evidence Other Crimes—Fruits of Crime—Res Gestae.**

Upon trial for burglary of a certain store, where the testimony developed contemporaneous burglaries of other houses, it was error to show that defendant and his codefendants had in their possession property taken from said other houses, there being no identification of such property as having come from the store for the burglary of which defendant was being tried, and no evidence upon which the court could predicate intent, system or res gestæ for the introduction of such testimony.

Appeal from the District Court of Collin. Tried below before the Hon. J. M. Pearson.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The testimony for the State showed that the attention of some of

the State's witnesses was directed to the alleged burglarized store early in the night at the time of the burglary, and that they noticed from a toilet room in the hotel, near the scene of the crime, a person walking up and down the alley alongside of said store dressed in a light overcoat and black hat, who said at the time, "The road or street is clear"; that he walked towards the end of the alley about three minutes afterwards, saying, "He's gone, when I get to the end of the alley come out"; that shortly after this, and after said party walked to the end of the alley, another person came out of the window of said store; that this person was seen standing in the office of said store turning on the electric light; that then he gave the window a shove pulling it down from the top, and came out over the top of the window which he had left down; that this person wore a cap; and turned down the alley when he got out; that these two persons (one of them being the defendant) were afterwards arrested—one or two hours after the burglary—in company with another, and were searched when taken to the jail by the officers; that the property found upon them was not identified as coming from the burglarized store, but some of it as that coming from the other houses which were probably burglarized on the same night, and which were entered by all or some of these parties. Other circumstances such as the swinging of the electric light, etc., which were discovered a few minutes after the burglary, were introduced in evidence.

The defendant's testimony related principally to the good reputation which the defendant had previously borne; and an attack on the credibility of the State's witnesses, etc. This statement together with that contained in the opinion is sufficient for an understanding of the errors assigned.

*G. R. Smith, Abernathy & Abernathy,* for appellant.—As to declarations of third parties in absence of defendant: Tyler v. State, 11 Texas Crim. App., 388; Maines v. State, 23 Texas Crim. App., 576; Barbee v. State, id., 203; Cole v. State, 88 S. W. Rep., 344; Burke v. State, 15 Texas Crim. App., 167; Holley v. State, 46 Texas Crim. Rep., 324; McCracken v. State, 6 Texas Crim. App., 510; Campbell v. State, 30 Texas Crim. App., 650.

On question of intent and introducing stolen property taken from other houses than the one burglarized: Bink v. State, 89 S. W. Rep., 1075; Davenport v. State, 89 S. W. Rep., 1077; McAnally v. State, 73 S. W. Rep., 404; Hill v. State, id., 9.

On question of refused charge on the issue of involuntary confession by coercion: MicKey v. State, 91 S. W. Rep., 587; Kennon v. State, 82 S. W. Rep., 519; Reese v. State, 67 S. W. Rep., 325; Cortez v. State, 83 S. W. Rep., 812; Nelson v. State, 67 S. W. Rep., 320; Barth v. State, 46 S. W. Rep., 228; Santee v. State, 37 S. W. Rep., Rep., 436; Petty v. State, 65 S. W. Rep., 917; Reese v. State, 70 S. W. Rep., 424; Perry v. State, 61 S. W. Rep., 400; Williams v.

State, 38 Texas Crim. Rep., 128; Hudson v. State, 66 S. W. Rep., 668; Yancy v. State, 76 S. W. Rep., 573; Reese v. State, 68 S. W. Rep., 283; McDaniel v. State, 81 S. W. Rep., 301.

On question of showing intent by commission of other crimes: Welhausen v. State, 18 S. W. Rep., 300; Williams v. State, 41 S. W. Rep., 647; Long v. State, 47 S. W. Rep., 363; McIver v. State, 60 S. W. Rep., 50; Scott v. State, 68 S. W. Rep., 680; Marshall v. State, 22 S. W. Rep., 878; Unsell v. State, 45 S. W. Rep., 1022; James v. State, 49 S. W. Rep., 401; Denton v. State, 60 S. W. Rep., 672.

*J. E. Yantis,* Assistant Attorney-General, for the State.—Appellant complains that the State was permitted to prove and offer in evidence certain articles taken from the possession of Wre Barnett and Allen Wiley, who were principals with the appellant—all three being arrested at the same time. In this there was no error. Morris v. State, 30 Texas Crim. App., 95; Leeper & Powell v. State, 29 Texas Crim. App., 63; Shelton v. State, 11 Texas Crim. App., 36; Wright v. State, 10 Texas Crim. App., 476.

The State was permitted to prove that when the sheriff arrested appellant and his two confederates, there was found in the possession of the three, certain articles that had been stolen from the Massie house, on the same night—this not being the house alleged to have been burglarized in this case. It will be noted that some of the property from this Massie house was found in the possession and taken from appellant and some of it from his confederates. The evidence was clearly admissible under the authorities. Hennessy v. State, 23 Texas Crim. App., 340; Morgan v. State, 31 Texas Crim. Rep., 1; Mason v. State, 31 Texas Crim. Rep., 306; Nixon v. State, 31 Texas Crim. Rep., 205; Williamson v. State, 30 Texas Crim. App., 330; Davis v. State, 32 Texas Crim. Rep., 377.

BROOKS, JUDGE.—The appellant was convicted of burglary, the punishment assessed being two years confinement in the penitentiary. It is a companion case to Wre Barnett this day delivered.

Appellant was charged with burglarizing the house of R. E. Carpenter. The court gave the jury the following, among other charges: "If you believe from the evidence beyond a reasonable doubt that the house of Gabe Lucas was burglariously entered on or about the 16th of March, 1906, in the city of McKinney, and certain articles of personal property stolen therefrom, and you further believe from the evidence beyond a reasonable doubt that such articles of personal property were found in the possession of the defendant, Glenn Herndon, and in the possession of Wre Barnett and Allen Wiley, on the occasion when they were arrested, then you are instructed that you will not consider the burglary of the house of Gabe Lucas or the possession of any personal property taken from the house of Gabe Lucas, if you believe any such property was found in the possession of Hern-

don, Barnett, and Wiley, except as a circumstance or circumstances along with all other facts and circumstances in this case to determine the intent of the defendant Herndon in this case, and for no other purpose." Under the evidence for the State in this case, Herndon, Barnett, and Wiley burglarized the house of Carpenter. If the evidence sufficiently supports this proposition, then there is no question as to their intent under the evidence adduced upon this trial. Then the fact that they had in their possession, or some of them had in their possession, fruits of the burglary committed upon Gabe Lucas' house, could not be introduced for the purpose of showing a felonious intent of burglarizing the Carpenter house, since the intent with which the burglary was committed is not disputed by the evidence. It follows, therefore, that this charge was erroneous. For a discussion of this question see McAnally v. State, 73 S. W. Rep., 404; Hill v. State, 73 S. W. Rep., 9; Bink v. State, 89 S. W. Rep., 1075, and Davenport v. State, 89 S. W. Rep., 1077. If there had been any evidence in this case that the parties entered the Carpenter house accidentally or inadvertently, then the fact that they had contemporaneously, with the entry of said house, feloniously burglarized another house, would be admissible on the question of intent, but here, if the State's evidence be true, was a ruthless intrusion into the Carpenter store. This is one offense, and the fact that appellant may have participated in another previous offense or subsequent offense of similar character, would be no legitimate evidence to show his intent in entering the Carpenter store. It follows, therefore, that this charge was erroneous, and it further follows that the evidence should not have been admitted upon which said charge was predicated.

The court charged the jury, as follows: "The defendant having failed to go upon the stand and testify in his own behalf, you are therefore instructed you must not discuss his failure to go upon the stand and testify, nor can you consider his failure to testify upon the witness stand for any purpose whatever." This charge is correct.

Appellant presented to the court a special charge to the effect that if the confession of appellant was not voluntary, and obtained through coercion or persuasion, then said confession should not be considered by the jury. In the light of the record before us we do not think this issue was raised. The youth of appellant, and the fact that the sheriff gave the warning, and immediately thereafter, or a short while thereafter, the confession was made, and the mere excitement of appellant, incident to his arrest and incarceration, we do not think would be sufficient predicate for such a charge, nor would it raise the issue of the confession being involuntary; nor did the court err in failing to charge the jury that they must take all of the confession of the defendant to be true. The jurors are the exclusive judges of the credibility of the witnesses, and the weight to be given their testi-

mony. They can believe or disbelieve any portion of a confession, or any portion of the testimony of a witness.

Appellant tendered the court the following special charge: "If you find and believe from the evidence that the only warning given by any one was given by T. M. Beverly, and that the warning was 'that any statement defendant might make in his presence might be used against him, and if you so find then, any statement made by the defendant to George Eubanks in the jail when T. M. Beverly was not present, will not be evidence, and you will not consider such statement so made to Eubanks!'" We do not think there is any error in refusal of this charge. The mere fact that he said any statement made in his presence could be used, would not vitiate the warning or render it invalid. Here the sheriff informed appellant any statement he made in his presence might be used against him and not for him.

We do not think the court erred in failing to charge the jury on circumstantial evidence. This is a case of positive testimony.

Bill of exceptions number 1 shows the following: "The State called as witness Ammon Scott, colored, and after the conclusion of the examination of this witness the State called Everett Wade, who testified that he came out of the Wade hotel, and went east, and then to the southwest corner of the public square in the city of McKinney, where he saw the defendant, Glenn Herndon; whereupon, the State asked the witness the question: 'Prior to that time had you heard anything with reference to something going on back of Carpenter's building?'" Appellant objected on the ground of hearsay, calculated to injure, and what Ammon Scott might say was not competent. The witness answered: "To the best of my recollection it was from Ammon Scott that I heard about it." The witness should not be permitted to so testify. This bill is defective in that it does not show what he heard or what was said. If a witness is attracted to a spot by any character of noise, he can tell that as a reason for going to the place, but he cannot relate a conversation between himself and third parties out of the presence and hearing of appellant, when said conversations go to criminate appellant. If they do not criminate, then such conversations are immaterial.

As shown by bill of exceptions number 3, the State proved by T. M. Beverly, sheriff, that on the night of the 16th of March, 1906, he was called from his home about 8:30 o'clock at night to come down to Carpenter's store, and when he got there several parties were in the house; that he noticed the room, and over the objection of the defendant, that others had been in the house before him, and it was not shown that the matters inquired about had not been made by others, the witness was permitted to testify: "That he noticed where some one had spit blood on the floor, and that there were five or six places where this was, and up even with where the cash drawer was, and that the cash drawer was drawn out; and after this witness

was fully examined, R. C. Merritt and O. C. Stewart had been examined in full, R. E. Carpenter was placed by the State on the stand, and after this witness had been fully examined, was turned over by the State to the defendant for examination, and witness testified that he was the person who opened the door and unlocked it, and that he pulled the cash drawer open himself, and thereupon the court excluded the evidence of T. M. Beverly that when he entered the cash drawer was open." It was admissible for Beverly to state what the conditions were when he got to the house. It was also admissible for the State to prove by Carpenter that he opened the drawer. This latter statement clearly refutes any criminality of appellant, and certainly the exclusion of the testimony of Beverly would cure any possible error there could have been.

Bill of exceptions number 4 shows that the witness Everett Wade for the State testified that his attention was attracted to something going on at the rear of Carpenter's store that night; that he went to the back part of the store and noticed an electric light in the building; that this electric light was swinging, whereupon the State propounded this question: "Now, prior to that time had you heard anything about what had been going on back at the store?" Appellant objected on the ground that same would be immaterial, irrelevant, calls for the opinion of the witness, hearsay, and assumes that something was going on back there. The court overruled these objections, whereupon the witness asked the question: "Do you mean that some one told me something to that effect?" "Q. Yes. A. Yes. Q. Had you heard anything? A. Yes. Q. How had you heard it, who had you heard it from? A. The best I remember it was from the cook, Ammon Scott. Q. What did you do when you heard it? A. I got up from the supper table and went out to investigate it, started out rather to investigate it. Q. Where did you go? A. Went to the office first, from there I started around the corner of the building, and when I got there I left Stewart there and came back over to the courthouse hunting an officer. Q. After you heard that you say you went to hunt for an officer? A. Yes." It is not admissible for the witness to state what other parties told him out of the presence of the defendant. He can state that his attention was attracted or directed by a certain witness to a condition in the house, or he can state that at the instance of another witness he went and examined or looked in the house, and after looking or after seeing anything he can tell he went for an officer, but not conversations or statements made by other witnesses with him.

Bill of exceptions number 4 shows that the State placed upon the witness stand Gabe Lucas, who testified and identified various articles which were introduced in evidence as having been missed and taken from his store. Appellant objected to all of said testimony, and after both sides had closed their testimony appellant presented a motion to exclude all testimony from the jury with reference to an entry

into the Lucas or Massie house, and all evidence with reference to any property that may have been taken from that house, or that may have been found upon the other boys, because the same was immaterial, irrelevant, prejudicial, that the theory upon which the State offered said evidence, that is to show intent with which the entry was made into the Carpenter house, is not shown by this proof, articles are not identified, they tend to prejudice the defendant in this case, and enables the jury to presume from the possession of articles that the Massie or Lucas house was burglarized, and upon that presumption to base another presumption not of intent but of actual breaking of the Carpenter house, which objections were overruled. It follows from what has been said above that none of this testimony was admissible. If appellant assisted in burglarizing the Carpenter house, that is one offense; if he burglarized the Lucas or Massie house, that is another offense. Under the evidence in this case, the fact of burglarizing one would not be admissible in the trial of the other, unless there was some issue of intent or res gestæ raised. The houses were some distance apart, and it could not have been res gestæ. There was no particular system relied upon by the evidence in this case for a conviction, nor is there any issue of intent with which the burglary was committed. It follows, therefore, that the court erred in admitting this testimony. As stated in the Barnett opinion, any evidence that is introduced which shows that either of the defendants had in their possession any property taken from the Carpenter store, for which appellant was being prosecuted, could be introduced in evidence against appellant, but the possession by appellant's codefendants of other property, conceded by the State never to have been taken from the Carpenter house, could form no legitimate basis for criminative evidence against appellant in this case. Appellant's codefendants may have burglarized the Lucas house and had evidence in their possession clearly indicating that fact. Certainly this would not be legitimate evidence against appellant, unless the State was trying appellant for burglarizing the Lucas house. If appellant or either of his codefendants had in their possession any property that was identified by circumstantial evidence, or positive proof as having been taken from the Carpenter house, this testimony would be admissible, but if there is no identification of the property found in possession of appellant, or either of his codefendants, which is identified as having come from the Carpenter house, then such testimony is clearly inadmissible. We find in this record no evidence upon which the court could predicate intent or system or res gestæ, as a predicate for the introduction of any of this testimony. For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*