## ERNEST NEUMANN v. THE STATE.

### No. 399.   Decided February 2, 1910.

**Aggravated Assault—Evidence—Other Offenses and Transactions.**

Where upon trial for aggravated assault, the information charging the assault of an adult male upon the person of a female, there was a sharp conflict in the testimony as to whether defendant had made the assault upon his wife, it was reversible error to admit testimony that the defendant had tried to get the prosecutrix on one occasion to put poison in her father's coffee.

Appeal from the County Court of Lavaca.   Tried below before the Hon. W. R. McCutchan.

Appeal from a conviction of aggravated assault; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

*R. B. Allen* and *P. H. Green,* for appellant.—On question of admitting testimony as to other offenses:   Fore v. State, 5 Texas Crim. App., 251; Cesure v. State, 1 Texas Crim. App., 19; Gilbraith v. State, 41 Texas, 567.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—This is an appeal from a conviction for aggravated assault and a punishment of $100 fine and sixty days confinement in the county jail.

The complaint and information charge an aggravated assault by appellant upon his wife, Mrs. Emma Neumann, she being a female. Appellant's wife testified that about the 25th day of July, 1909, appellant came home from his work and got mad at her because she had visited her father on that day; that he cursed and abused her, calling her a bitch, hit her in the face with his fist and hit her on the right cheek; that he also tried to take the baby from her arms so that he could throw her out in the storm and hit her several times without cause. The appellant placed Mrs. Eggert on the stand and proved by her that she was a sister of his wife and that she was at her father's home with her sister on the Sunday following the separation, and that appellant's wife told her, the witness, that the appellant had not struck her, and that her mother told her to swear that in order to get a divorce, and that if she, appellant's wife, did not leave the appellant they would disinherit her, but if she would leave him they would give her 300 acres of land. The appellant testified that he never in his life struck his wife; he denied specially that he struck his wife on July 25, and that she left and went to her father's house without his knowledge and consent. He denied that he told the witness Berger that he did not care a God-dam about his wife. The State recalled Mrs. Neumann, who testified in rebuttal that she never told her sister, Mrs. Eggert, that her husband had never hit her and that her mother told her that she had to swear this to get a divorce, and unless she left her husband she would disinherit her and reaffirmed that her husband did hit her on that night. The witness further testified, over the objection of the appellant, that her husband tried to get her on one occasion to put poison in her father's coffee, which was to be drunk by her father, so that they could get all the property. She further testified that she immediately on the Monday following brought suit against her husband for a divorce. We are inclined to think that the court below erred in permitting this testimony, and in view of the sharp conflict in the testimony as to whether appellant had assaulted his wife or not, the giving of this testimony was not only prejudicial to the appellant, but was very hurtful and would ordinarily have a tendency to inflame the minds of the jury; and in view of the fact that a severe penalty of sixty days was added to the $100 fine, we are disposed to the belief that this testimony contributed to the severity of the verdict.

We think there are no other errors in the trial of the case that would justify a reversal, but for the error indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*