### Ed Bowman v. The State.

#### No. 2314.   Decided April 2, 1913.

**1.—Burglary—Intent—System—Evidence—Other        Offenses—Charge        of Court.**

Where, upon trial of burglary, the evidence clearly showed that the person entering the building alleged to have been burglarized did so with the intent to commit theft, it was reversible error to admit evidence that other stores were burglarized some months prior to the burglary of the instant case, as such other offenses would not add any additional strength to the force of the testimony showing defendant's guilt; besides, the court failed to limit such testimony.

**2.—Same—Rule Stated—Other Offenses.**

A defendant should be tried on the merits of each case, and proof of extraneous crime which does not go to show intent, identity or system, or which is no part of the res gestae is not admissible if it could only show that defendant was a criminal generally.  Following Gilbraith v. State, 41 Texas, 567, and other cases.

Appeal from the District Court of Bexar.   Tried below before the Hon. W. S. Anderson.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Dwyer & Chambers,* for appellant.—On question of other offenses: Herndon v. State, 50 Texas Crim. Rep., 552; Williams v. State, 38 id., 128; Mallory v. State, 37 id., 482; Saldiver v. State, 55 id., 177.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was prosecuted and convicted of burglary, and his punishment assessed at two years confinement in the penitentiary.

There are many questions raised in the motion for a new trial, but we do not deem it necessary to discuss each of them.   The evidence shows that the store of W. A. Cardwell was burglarized on the 28th day of April, 1912; that the door had been prized open with a tool that left an imprint on the wood—there being three impressions—there being a gap in the instrument that made the impression.   The safe in this store was blown open with dynamite and the money contained therein taken therefrom.   The evidence against appellant was wholly circumstantial, but it may be said that it was sufficient to sustain the verdict, if there was no prejudicial error committed in the trial of the case.

As the evidence clearly shows, there was no question of intent in the case, the person who entered the store did so with the intent to commit

and did commit theft is proven beyond question, and appellant raises no question that if he was the person who entered the store he did so with any innocent intent. In Branch's work on Crim. Law, sec. 338, the rule is correctly stated as follows:

"Defendant should be tried on merits of each case, and proof of extraneous crimes which does not go to show intent, identity, or system, or which is not part of the res gestae, is not admissible if it could only show that defendant was a criminal generally. Gilbraith v. State, 41 Texas, 567; Buck v. State, 47 Texas Crim. Rep., 319, 83 S. W. Rep., 387; Lee v. State, 45 Texas Crim. Rep., 51, 73 S. W. Rep., 407; McIver v. State, 60 S. W. Rep., 50; Buck v. State, 38 S. W. Rep., 772; Kelley v. State, 18 Texas Crim. App., 262; Bryan v. State, 49 Texas Crim. Rep., 200, 91 S. W. Rep., 581; Nixon v. State, 31 Texas Crim. Rep., 205, 20 S. W. Rep., 364; Williams v. State, 24 Texas Crim. App., 412, 6 S. W. Rep., 318; Ivey v. State, 43 Texas, 425; Grant v. State, 42 Texas Crim. Rep., 275, 58 S. W. Rep., 1026; Wilson v. State, 41 Texas Crim. Rep., 115, 51 S. W. Rep., 916; Williamson v. State, 13 Texas Crim. App., 514; Conley v. State, 21 Texas Crim. App., 495, 1 S. W. Rep., 454; James v. State, 40 Texas Crim. Rep., 190, 49 S. W. Rep., 401; Unsell v. State, 39 Texas Crim. Rep., 330, 45 S. W. Rep., 1022; Owen v. State, 39 Texas Crim. Rep., 391, 46 S. W. Rep., 245; Welhousen v. State, 30 Texas Crim. App., 623, 18 S. W. Rep., 300; Owen v. State, 58 Texas Crim. Rep., 261, 125 S. W., 405; Johnson v. State, 42 Texas Crim. Rep., 440, 60 S. W. Rep., 667; Jordan v. State, 96 S. W. Rep., 35; Lightfoot v. State, 106 S. W. Rep., 345; Hill v. State, 44 Texas Crim. Rep., 603, 73 S. W. Rep., 9; Marshall v. State, 22 S. W. Rep., 878; Schwen v. State, 37 Texas Crim. Rep., 368, 35 S. W. Rep., 172; Neumann v. State, 58 Texas Crim. Rep., 248, 125 S. W. Rep., 28; Holland v. State, 55 Texas Crim. Rep., 27, 115 S. W. Rep., 48; Pace v. State, 58 Texas Crim. Rep., 90, 124 S. W. Rep., 949; Chumley v. State, 20 Texas Crim. App., 547; Woodard v. State, 51 S. W. Rep., 1122; Brown v. State, 54 Texas Crim. Rep., 121, 112 S. W. Rep., 80; Latham v. State, 39 Texas Crim. Rep., 472, 46 S. W. Rep., 638; Riggins v. State, 42 Texas Crim. Rep., 472, 60 S. W. Rep., 877; Dimry v. State, 41 Texas Crim. Rep., 272, 53 S. W. Rep., 853; Haney v. State, 57 Texas Crim. Rep., 158, 122 S. W. Rep., 34; Pridemore v. State, 59 Texas Crim. Rep., 563, 129 S. W. Rep., 1112; Crass v. State, 30 Texas Crim. App., 480, 17 S. W. Rep., 1096; Cesure v. State, 1 Texas Crim. App., 19.

"Proof of other offenses is not admissible to show system, intent or identity, unless some of these matters are in issue. Denton, 42 Texas Crim. Rep., 427, 60 S. W. Rep., 670; Parker v. State, 75 S. W. Rep., 30; Glenn v. State, 76 S. W. Rep., 759; Bink v. State, 48 Texas Crim. Rep., 958, 89 S. W. Rep., 1075; Davenport v. State, 49 Texas Crim. Rep., 11, 89 S. W. Rep., 1078; Johnson v. State, 50 Texas Crim. Rep., 116, 99 S. W. Rep., 556; Herndon v. State, 50 Texas Crim. Rep., 552, 99 S. W. Rep., 558; White v. State, 11 Texas Crim. App., 476."

In this case it is shown that the court admitted evidence that the store of H. Yaechel was burglarized on the 7th day of January (three months prior to the burglary in this case) ; that the store of L. T. Mumme was burglarized on March 23rd; that the store of J. F. Homen was burglarized on April 25th, and evidence was introduced tending to show that appellant was guilty of these four separate and distinct offenses. It is evident from the date of each of these offenses that one could not be res gestae of the other; there was no question of identity in the case, and no issue of lack of guilty intent, if appellant entered the house. The other three burglaries would not add any additional strength to the force of the testimony showing his guilt of the offense for which he was on trial. While Mumme's and Homen's houses were apparently burglarized in the same way as Cardwell's house, yet testimony would not be admissible to show that he was guilty of three burglaries when he was on trial for only one, and when the evidence would serve no useful purpose in showing whether or not he was guilty of the offense for which he was then on trial, and it was error to admit evidence of these offenses, and appellant's probable connection therewith. Again, if the testimony had been properly admitted, in his charge the court did not properly instruct the jury for what purposes this testimony would have been admissible, nor limit their consideration of it to the sole purpose for which it could have been admitted.

Because of the error of the court in admitting testimony as to the burglary of these other stores, this judgment is reversed and the cause is remanded.

*Reversed and remanded.*