## JACK BINK v. THE STATE.

### No. 3257.   Decided November 15, 1905.

**1.—Theft—Bringing Stolen Property Into State—Indian Territory—Judicial Knowledge.**

The courts of Texas take judicial knowledge of the fact that the United States has enacted a statute making the laws of Arkansas operative in the Indian Territory, under which laws it is made a felony to obtain as much as $10 by false pretenses, and an indictment charging theft of $160, describing same, in the Indian Territory and bringing the same into the State of Texas, charges an offense against the laws of Texas.

**2.—Same—Laws of Indian Territory—Predicate for Introduction.**

See opinion holding that proper predicate for the introduction of the laws of Indian Territory was laid.   Following Beard v. State, 11 Texas Ct. Rep., 716.

**3.—Same—Misdemeanor—Felony—Charge of Court.**

Where on a trial for theft of property over the value of $50, in the Indian Territory and bringing the same within this State, the court charged upon circumstantial evidence, and presented the question of the value of the property stolen and brought into the State of Texas in every possible phase, telling the jury that if the defendant did not bring as much as $50 into the State of Texas he would only be guilty of a misdemeanor, or if there was a reasonable doubt to so find, there was no error.

**4.—Same—Evidence—Money Found on Codefendant—Conspiracy.**

On a trial for theft there was no error in permitting the sheriff to testify that he found two twenty dollar bills in possession of appellant's codefendant. It is permissible under the rules of this court to prove the possession of the fruits of the crime by either of the codefendants, even after the conspiracy has terminated.

**5.—Same—Evidence—Impeaching Testimony—Books of Express Company.**

On a trial for theft there was no error in permitting the State to prove by the express agent that he did not transport a corpse on the day of the alleged theft, without producing the books of the company; the false pretense of defendant consisting in his statement that he needed the money to transport a corpse.

**6.—Same—Confession—Warning.**

On a trial for theft there was no error in permitting the sheriff to testify to declarations of defendant while in jail, the latter having been properly warned.

**7.—Same—Evidence—Extraneous Crime.**

On a trial for theft the court committed reversible error in permitting testimony showing that defendant and his codefendant had obtained money from the witness by the same subterfuge and false pretense resorted to in the case on trial; the evidence in the case showing that defendant did not controvert this fact.

Appeal from the District Court of Lamar.   Tried below before Hon. Ben H. Denton.

Appeal from a conviction of theft; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*Howard Martin*, Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of bringing stolen property into the State of Texas, after having acquired the same by theft in the Indian Territory, and his punishment fixed at ten years confinement in the penitentiary.

Appellant and his companion, Dampers, met prosecuting witness, Chatman, on the train in the Indian Territory. Appellant represented that he had the corpse of a relative on the train, carrying it to a station farther up the road than where he met prosecutor. Shortly after meeting prosecutor, with whom he had talked quite familiarly, his companion, Dampers, approached, and said he would have to pay the express charge for carrying his deceased relative to the place of burial. Appellant offered him a check, which he would not accept, stating he must have the cash. Appellant therefore gave prosecutor the check, with the statement that unless he cashed this check, he would be in great distress, as otherwise he could not carry his relative to the place of burial. By these false pretenses he secured $160 in currency, consisting of $20 and $5 bills. After securing the money by these false pretenses, the record shows that appellant and his companion got off the train, and took a train back to Paris, Lamar County. Prosecutor followed them on another train, and secured their arrest in the city of Paris. At this time one $20 bill and $5 in silver was taken from their person. About a month after their arrest, and while in jail, two $20 bills were found concealed upon the person of appellant's companion and codefendant Dampers.

Appellant moved to quash the indictment, (1) because it did not charge any offense against the laws of Texas; and (2) did not charge any violation of the laws of the United States, which govern in the Indian Territory; and (3) because there is no law of the Indian Territory, but said Territory is governed by the laws of the United States. This court takes judicial knowledge of the fact that the United States has passed a statute making the laws of Arkansas operative in the Indian Territory. The fact that the United States Congress passed this act would none the less make it the law of the Indian Territory. The evidence shows that the proper predicate for the introduction of the laws of the Indian Territory was made, under which laws it is made a felony to obtain as much as $10 by false pretenses. In all respects the evidence to authenticate the laws introduced in evidence complies with the decision of this court in Beard v. State, 11 Texas Ct. Rep., 716.

Appellant insists that the evidence does not show with any certainty that appellant brought $50 of such money into the State of Texas. The above statement of the facts shows with reasonable certainty that his contention is incorrect. The court charged upon circumstantial evidence, and presented this question in every possible phase that appellant could insist upon, telling the jury that if he did not bring as much as $50 into the State of Texas, he would only be guilty of a misdemeanor, or if there was a reasonable doubt thereof to so find.

Nor do we think the court erred in permitting the sheriff to testify

that he found two $20 bills in possession of appellant's codefendant. The objection to the testimony being that when found in possession of Dampers, appellant was not present; that it was about a month after the offense was committed; that the conspiracy, if any, had ended. It is permissible under the rules of this court to prove the possession of the fruits of the crime by either of codefendants, even after the conspiracy has terminated. McAnally v. State, 7 Texas Ct. Rep., 327.

We do not think the court erred in permitting the State to prove by the express agent, Boyle, that he did not transport a corpse on the day of the alleged theft. This testimony was admissible, and witness could so testify, without producing the books of his express company.

Various objections are urged to the introduction of the laws of the Indian Territory, but the bill is defective, and hence should not be considered. However, as stated above, the laws were properly introduced.

Nor do we think the court erred in permitting the sheriff to testify to declarations made by appellant, while in jail, since the bill shows that he was properly warned, and the statement was made to the sheriff, who gave the warning, within ten or fifteen minutes after the warning was given.

The record shows that appellant objected to the court permitting the witness Holder to testify to a state of facts, showing that appellant and his codefendant had obtained money from said witness by the same subterfuge and false pretenses resorted to in this case. This testimony was limited by the court in his charge to the purpose for which it was introduced, to show system and intent. It has been frequently held by this court that extraneous crimes cannot be introduced, unless such crimes show system or intent, or identity of accused. The evidence in this case is undisputed as to the mode and method used by appellant in deceiving prosecutor and obtaining the money from him. It is not controverted by appellant in any way. While proof of extraneous crimes can be made to establish system or intent, still before such crimes can be admitted, there must be some dispute as to the identity of appellant, or the system, or some controversy as to his intent. Otherwise the introduction of extraneous crimes would not serve to elucidate or make clear system or intent, but would merely tend to intensify the punishment of accused, as it probably did in this case. That appellant represented to prosecuting witness he had the corpse of a dead relative in a coffin in the express-car, on the train upon which they were passengers, and through the fraudulent representation, secured his money, is clearly presented by the record before us. That he intended to defraud is not controverted. Nor is there any controversy as to the method or system by which he accomplished his fraudulent purpose. This being true, we take it, that the introduction of the testimony of the witness Holder, would barely be proving extraneous crimes against appellant, which is not permissible. Therefore, we hold that the court

erred in admitting this testimony.. The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*