R. L. HANCOCK V. THE STATE.

No. 15332.   Delivered March 15, 1933.
Reported in 58 S. W. (2d) 129.

The opinion states the case.

*Critz & Woodward*, of Coleman, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is forgery; the punishment, confinement in the penitentiary for two years.

The state relied upon circumstantial evidence. Appellant did not testify in his own behalf and introduced no witnesses.

The forged instrument upon which the indictment was predicated was a check drawn on the Central National Bank of San Angelo, dated January 24, 1931, payable to cash or bearer in the sum of four dollars, and signed "John Lurter." Appellant presented this check to E. B. Bridges, proprietor of the Helpy-Selfy store in San Angelo. Mr. Bridges delivered to appellant thirty cents worth of meat and gave him change in the sum of three dollars seventy cents. At the time of the delivery of the check, appellant endorsed his correct name and address on the back thereof. The check was deposited in the bank and returned with an endorsement thereon showing that John Lurter had no account. No person saw appellant write the

check. However, he endorsed his own name thereon in the presence of Mr. Bridges. Witnesses testified that they made a search for John Lurter and found no such person. Officers of the bank testified that no person by the name of John Lurter had ever had an account in the bank. Appellant's wife paid the check.

An officer took some specimens of appellant's handwriting. These specimens were introduced in evidence as a standard of comparison. Using the specimens, the officer and other persons testified that in their opinion the check signed "John Lurter" was in the same handwriting as the specimens.

John W Barnett testified, in substance, as follows: On January 24, 1931 (the date the check signed "John Lurter" bore), appellant came to his place of business and presented a check payable to "cash or bearer" in the sum of five dollars, drawn on the Central National Bank of San Angelo January 24, 1931, signed "J. W. Shelton." Appellant stated at the time that it was his personal check. Mr. Barnett placed it in the cash drawer and it was later sent to the bank for deposit. Mr. Barnett did not collect the money on the check. He did not know whether the house collected the money. He said: "Mr. Northcutt is the manager over there and in my opinion that is Mr. Northcutt's signature to that check and shows he got the money on it February 5, 1931."

The state's testimony was to the effect that J. W. Shelton had no account in the Central National Bank. The officer of the bank testified that he did not know any person by the name of J. W. Shelton. A deputy sheriff testified that he made a search for J. W. Shelton through the merchants' board of trade and police department, and had been unable to locate him; that he asked different people if they knew a man by that name. This officer testified that he filed a complaint against appellant on a check signed "J. W. Shelton" on February 4, 1931, and that on February 7, 1931, he filed a complaint on the check signed "John Lurter." Further, he testified that comparing the Lurter check with the J. W. Shelton check, which was introduced in evidence as a standard of comparison, he was of the opinion that the handwriting on the two checks in question was the same.

Appellant objected to the check signed "J. W. Shelton" being introduced in evidence and used as a standard of comparison. The objection should have been sustained. A sufficient predicate had not been laid for using the check as a standard of comparison. We quote from Branch's Annotated Penal Code, section 1411, as follows: "When it is sought to

establish the genuineness or falsity of a writing or signature by comparison of handwriting, there must be a standard of comparison established, either by the production of a writing or signature admitted to be genuine or by establishing by clear and indisputable testimony such a standard of comparison. Phillips v. State, 6 Texas App., 364; Hatch v. State, 6 Texas App., 384. * * *"

Under the circumstances reflected by the record, the opinion is expressed that none of the testimony concerning the Shelton check should have been received in evidence. Appellant offered no testimony. The evidence was direct that appellant presented and endorsed the check on which the indictment was predicated. It was circumstantially shown that the check was a forgery, it being clear that the theory of the state was that appellant forged such check. Hence, if it was established that appellant committed the forgery, it necessarily followed that appellant had knowledge that the check was forged when he passed it. This being true, we are unable to perceive how an effort to show circumstantially that the separate and distinct transaction involved in the passing of the Shelton check could have shed any light on the issues to be solved by the jury. This was the question: Did appellant forge the Lurter check? The separate and distinct transaction in question could not properly be considered in answering the question. In Weatherred v. State, 272 S. W., 471, this court, speaking through Judge Lattimore, used language as follows: "No principle is better understood than that proof of the connection of A with a given crime cannot be made by proof of the fact that at a prior date he did a similar thing. Such testimony has no corroborative force."

Not being admissible under any of the exceptions to the general rule inhibiting proof of extraneous crimes, the objection to exclude any motion thereafter made to withdraw such testimony should have been sustained. "Proof of another independent crime is not admissible by sheer force of the fact that it was committed on the same day or the same night." Branch's Annotated Penal Code, sec. 166. The testimony could have had no other effect than to show that appellant was a criminal generally. See Enix v. State, 299 S. W., 430.

The court undertook to limit the testimony touching the extraneous offense to the question of identity and knowledge. We think the charge accentuated the error committed in receiving the testimony. Again, if the testimony had been properly admitted, the charge was deficient in not instructing the jury that they could not consider the alleged extraneous of-

fenses unless appellant's guilt of such offense was shown by legal evidence beyond a reasonable doubt. Miller v. State, 53 S. W. (2d) 790.

In his argument the district attorney further accentuated the error by stating to the jury: "We have proved two forgeries, we have shown a system of forgeries."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.