## C. R. WILLIAMS v. THE STATE.

No. 16698.   Delivered February 21, 1934.
Reported in 68 S. W. (2d) 501.

The opinion states the case.

*Thomas B. Ridgell,* of Breckenridge, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of knowingly passing a forged instrument, and his punishment assessed at confinement in the state penitentiary for a term of three years.

The testimony adduced upon the trial is in substance as follows: On the afternoon of the 26th day of December, 1928, the appellant and a man by the name of Self appeared at the Robert E. Lee garage in the city of Laredo, Texas, and purchased a tire at the price of $12.00, for which they paid with an American Express Company Travelers Check issued to H. H. Luckett in the sum of $50.00. The appellant received in change $38.00 in cash. In order to make the check negotiable it had to be countersigned by H. H. Luckett. E. D. Lestergetty and John Moriarty, who owned and operated the Robert E. Lee garage, testified that they saw the appellant countersign said check with the name of H. H. Luckett at the time that he passed it to the Robert E. Lee garage. The testimony further shows that the appellant, Self, and Luckett stayed at the Robert E. Lee hotel in the city of Laredo about the 26th day of December, 1928. The appellant relied upon a plea of alibi which he supported by a number of witnesses from Amarillo and also by some written documents purporting to have been executed by the appellant at Amarillo on the 24th day of December, 1928.

The appellant complains of the action of the trial court in overruling his motion to quash the indictment. We have examined the indictment and deem it sufficient to charge the offense of knowingly passing a forged instrument.

Bills of exception 1, 2, and 3 do not disclose the alleged objectionable testimony, and in the absence of such a showing we are unable to determine the merits of said bills.

By bill of exception No. 4 the appellant complains of the

action of the trial court in permitting the state to introduce as evidence a judgment nisi upon a forfeiture of a bail bond of defendant at a former term of said court. This bill of exception appears to have been taken on a habeas corpus hearing and not upon the trial of this case. The bill is evidently incorporated in this record through an error and therefore will not be considered.

By bills of exception Nos. 7 and 5 the appellant complains of the action of the trial court in admitting conversations between the witnesses George Lestergetty and Bismark Pope, in the absence of the defendant, in which conversations Pope urged the witness to help them out in the case as they had been good friends, to which the witness replied, "Bismark, I know that is the man and I cannot do that," to which appellant objected because it would not be binding upon the appellant and was incompetent and prejudicial. We believe that the appellant's position is well taken. Any statement made or any act done by the appellant's attorney could not be binding on appellant or charged against him unless it was shown that the appellant authorized the same to be made. See Luttrell v. State, 40 Texas Crim. Rep., 658, 51 S. W., 931, in which Judge Henderson made the following observation: "In the absence of some testimony or statement in the bill of exception showing some authority on the part of defendant's counsel to bribe a witness, it cannot be presumed that such authority was given. However beneficial the absence of a witness may be to the defendant in any given case, in the absence of some proof of authority, any attempt on the part of counsel to get rid of the witness must be attributed as of his own motion; yet it cannot be gainsaid that such testimony coming before the jury must necessarily be fraught with injury to the appellant on trial. In the absence of proof of authority, the jury would nevertheless be apt to believe that the lawyer did not act on his own responsibility, but that there must have been some suggestion from the defendant, so, without proof, visit upon the defendant the sin of his counsel."

By bill of exception No. 6 the appellant complains of the action of the trial court in permitting the state to prove by the witness J. D. Bell that he, the witness, was a special agent for the American Express Company; that he paid to Mr. H. H. Luckett the amount of the alleged forged check as well as eight others amounting to $400.00 and the Express Company reimbursed the said witness, to which testimony the appellant objected because it was an attempt to prove other offenses which was improper and prejudicial because the defendant had not

testified in the case. We believe that the appellant's contention is well taken and should be sustained. Proof of other offenses is admissible only to discredit the defendant when he becomes a witness in his own behalf or when it is a part of the res gestae or when it tends to show intent, when intent is an issue, or when it tends to connect the defendant with the offense for which he is on trial, and in support of our views we refer to the following authorities: Bink v. State, 48 Texas Crim. Rep., 598, 89 S. W., 1075; Denton v. State, 42 Texas Crim. Rep., 427, 60 S. W., 670; Long v. State, 39 Texas Crim. Rep., 537; Clark v. State, 59 Texas Crim. Rep., 246. In the case of Clark v. State, supra, Judge Davidson, speaking for this court, said: "The evidence is clear and unequivocal that the house of the alleged owner was broken into, and the appellant found in the act of committing theft. Therefore, the testimony in regard to the burglary of the other house was not admissible. It served no purpose either of identification, system, or developing the res gestae. The case was made out by positive evidence here, and there was no legal authority for resorting to this character of testimony to make out this case." So, in the case under consideration, the state made out a case by positive testimony. The appellant was positively identified by the owners of the Robert E. Lee garage and they testified that they saw him sign the name of H. H. Luckett to the American Express Company Travellers Check and after having done so he passed it to them in payment of an automobile tire, receiving in change $38.00 in cash. Hence, it will be observed that the testimony serves no purpose either of identification, system, or developing the res gestae.

By bill of exception No. 10 the appellant complains of the action of the trial court in permitting the state to prove that the defendant had theretofore been convicted in another county and had been indicted for felonies in other counties of the state, to which the appellant objected because he had not testified in his own behalf, that the other offenses had no connection with the offense for which he was on trial, and that it was prejudicial. We believe that the appellant's contention is well taken in that the testimony showing other offenses to have been committed by the appellant may be introduced for the purpose of discrediting the appellant when he takes the witness stand in his own behalf, but in the instant case the appellant did not testify in his own behalf and therefore said testimony was not admissible. See Bink v. State, 48 Texas Crim. Rep., 598, in which this court, speaking through Judge Brooks, said: "It has been frequently held by this court that extraneous crimes cannot be introduced, unless such crimes show system, or intent, or

identity of the accused. The evidence in this case is undisputed as to the mode and method used by the appellant in deceiving prosecutor and obtaining the money from him." So, in the case under consideration, the testimony adduced by the state showed the identity of the appellant, shows that he signed the name of H. H. Luckett to the check, and that he passed it to the Robert E. Lee garage, and under said circumstances this testimony was not admissible and the appellant's objection to same should have been sustained.

By bills of exception Nos. 11, 12, and 13 the appellant complains of the action of the trial court in permitting the state to prove that the defendant was not present at court on January 14, 1932, when this case was called for trial, and his bail bond was forfeited and judgment nisi had been rendered, but the bond was worthless. This testimony was admissible to show flight.

By bill of exception No. 17 the appellant complains of the action of the trial court in permitting the state, on cross-examination of Mr. Damron, to ask him if he had not signed a bunch of bonds for the defendant and that if he did not testify he owned property subject to execution for $7500.00 over and above the exemption, but now testified that he owned property of the value of $5000.00 over and above the exemption, to which the appellant objected because it was improper, immaterial, prejudicial, and hearsay. This bill is insufficient in that it does not point out the improper and immaterial testimony from that which is material. The fact that the witness had signed a bond for the defendant in this case would be admissible to show his feeling and his interest in the case, but the other matters should not have been admitted.

By bills of exception Nos. 18 and 19, the appellant complains of the action of the trial court in permitting the state to prove by the witnesses Lestergetty and Moriarty that at the time the appellant passed the alleged forged check at the Robert E. Lee garage, there was another man with the defendant who gave to the said garage his check for $5.00 in payment of some gasoline and oil and that the garage lost money on said check, to which appellant objected because the same was incompetent, irrelevant, and highly prejudicial to the appellant. We believe that the appellant's contention is well taken as we do not see the materiality of the testimony or the relevancy of same, and it did not serve any useful purpose to elucidate any issue, and the appellant's objection to said testimony should have been sustained.

Bill of exception No. 20 does not disclose or reproduce the

testimony and therefore we are unable to properly appraise said bill.

We do not deem it necessary to discuss all of the other assignments of error as the matters therein complained of may not arise upon another trial; besides, to do so would unnecessarily extend this opinion.

For the errors above pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.