**Lynn CHANDLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40461.**

Court of Criminal Appeals of Texas.

June 21, 1967.

Russell A. Moran, James R. Horton, Dimmitt, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for forgery; the punishment, four years.

Trial was after January 1, 1966, under the alternate procedure provided by Art. 37.07 of the 1965 Code.

At the trial on the issue of guilt or innocence, the state, over appellant's timely objection, was permitted to introduce in evidence, as state's exhibits 3 to 8, certain commitment, turnkey, and release cards showing numerous convictions of appellant for passing worthless checks and for liquor law violations and his confinement in jail by the sheriff of Potter County.

Appellant objected to the exhibits and the testimony relating thereto on the ground that they constituted proof of extraneous offenses and could have no purpose in the case other than to inflame the minds of the jury.

The exhibits were admitted by the court on the question of identity, and the jury's consideration thereof was so limited by the court in his charge.

The record reflects that appellant was positively identified at the trial as the person who forged the check in question and no issue was made as to his identity. The exhibits and the testimony relative thereto, showing extraneous offenses, should not have been admitted. Hancock v. State, 123 Tex.Cr.R. 154, 58 S.W.2d 129; Williams v. State, 125 Tex.Cr.R. 410, 68 S.W.2d 501.

Under the record, it cannot be said that the evidence was not prejudicial to appellant.

We sustain appellant's ground of error # 3, and reverse for the error committed.

We observe that in his charge on punishment the court incorrectly instructed the jury that the punishment for forgery was not less than two nor more than five years and should have instructed the jury that the punishment was not less than two nor more than seven years' confinement in the penitentiary.

Upon another trial the court should, if requested, define the term "another [person]" in his charge to the jury as such term is used and defined in the forgery statutes.

For the error pointed out, the judgment is reversed and the cause remanded.